No. 28.—JOHN C. ASHBURN, plaintiff in error, *vs.* THE STATE
OF .GEORGIA.

[1.] In all cases of presentment or of indictment, the only lawful oath which
can be administered to witnesses, to be  sent before  the Grand Jury, is the
following: " The evidence which  you shall give to the Grand Jury, on this
bill of indictment, (or presentment) as the case  may  be, (here  state  the
case,) shall be the truth, the  whole  truth,  and  nothing but the  truth,  so
help you God".

[2.] If the oath of the witnesses be materially different from this, the indict-
ment ought to be quashed or  dismissed.

Indictment for misdemeanor, in Bibb Superior Court.   Tried
before Judge POWERS, September Term, 1853.

The defendant, John C. Ashburn, was indicted for presiding
and dealing at a faro-table.   To the indictment, the defendant
pleaded, that the witnesses upon whose evidence the indictment
was found, had not been legally sworn—" they having taken, in
open Court, an oath  to  testify  concerning  such  matters  as
should be inquired of  them, by the Grand Jury" ; and not hav-
ing been sworn,  " that the evidence they should give the Grand
Jury, upon said special presentment, between the State of Geor-
gia and the defendant, who is charged  with  the  offence of a
misdemeanor, should be the truth, the whole truth, and nothing

but the truth". On the trial, the Solicitor General admitted the facts stated in the plea to be true. Counsel for the defendant moved the Court to quash the indictment, which motion was over-ruled; and counsel for defendant excepted.

S. & R. P. HALL, for plaintiff in error.

Sol. Gen. DEGRAFFENREID, for the State.

*By the Court.*—BENNING, J. delivering the opinion.

The special plea having been admitted to be true, the question first for consideration is, was the oath, administered to the witnesses on whose statements the indictment or presentment was found, a lawful one ?

That was an oath "to testify concerning such matters as should be inquired of them by the Grand Jury".

The suit of the State, in this case, was a proceeding under the Penal Code. It was one, therefore, to be governed by that Code. What, then, says the Code ?

Section XXII of the fourteenth division, has the following language: " And the following oath shall be administered to witnesses intended to be sent before the Grand Jury : the evidence you shall give the Grand Jury on this bill of indictment (or presentment) as the case may be, (here state the case,) shall be the truth, the whole truth, and nothing but the truth—so help you God".

The meaning of this, plainly is, that this oath is to be administered to *all* " witnesses intended to be sent before the Grand Jury". Certainly, to all intended to be sworn in cases of *presentment* or of *indictment*. And are there cases of any other sort ?

And this was a case of indictment, founded on the presentment of a Grand Jury.

It follows, therefore, that this was the oath which the Code required to be administered in this case.

This oath was not administered, but another was, viz: an oath to testify concerning such matters as should be inquired of by the Grand Jury.

Now this oath differs from the one prescribed, both in form and in substance. It does not require the witness to speak " the truth, the whole truth, and nothing but the truth". If it requires him to speak the truth at all, it is as much as it does. It omits to state the proceeding, the presentment or the indictment, in which the testimony is to be given—it omits the name of the case in which that testimony is to be given. With such differences, it is not, in form, or in substance, the same oath as the one which the Code prescribes ; and so is not the oath which the Code requires to be administered ; and, therefore, is not a lawful oath.

[1.] The oath should have followed the Code.

[2.] The oath being unlawful, the statements of the persons examined under it, could not amount to evidence. But the presentment and indictment were founded on those statements. They were, therefore, founded on what was not evidence—in other words, were without foundation. They were, therefore, void.

Neither perjury nor false swearing can be assigned, unless the oath be a *lawful* one. (*Code, Eighth Div.* §§ *I. III.*)

The Court below ought to have quashed the indictment.