## 2072. SWITZER v. THE STATE.

1. The grand jury can not find a bill or make a special presentment except upon the testimony of a witness to whom has been administered the oath substantially as prescribed in section 834 of the Penal Code, in a particular case where the party is charged with a specified offense. In other words, to make the finding legal, the witness must be sworn on a bill or presentment charging a specific offense against the party.

2. The solicitor-general is not excused from testifying as to what oath he administered to a witness in a particular case before the grand jury, or from testifying as to whether the witness was sworn before the grand jury in a particular case charging a specified offense against the defendant, on the ground that his testimony is privileged.

3. The plea in abatement is good in form and in substance; and if the allegations therein are proved, the special presentment is an unlawful finding of the grand jury, and should be quashed or dismissed.

4. The motion to dismiss the writ of error is without merit.

Indictment for gaming; from city court of Covington—Judge Whaley. July 29, 1909.

Argued October 25,—Decided November 9, 1909.

*F. C. Foster, Middlebrook, Rogers & Knox,* for plaintiff in error.
*R. W. Milner, solicitor,* contra.

HILL, C. J. The plaintiff in **error was** arraigned in the city court on a special presentment of the grand jury, charging him with the offense of gaming. Before pleading, he made a written demand for a copy of the presentment, and for a list of the witnesses sworn before the grand jury, on whose testimony the special presentment was found; a copy of the special presentment, with the name of one witness thereon, was furnished to him; and he thereupon filed a plea in abatement, on the ground that this witness— the sole witness sworn before the grand jury, and upon whose testimony the presentment was returned against him—was not lawfully sworn as a witness; that the oath prescribed by law to be administered to witnesses before the grand jury was not administered; that instead of the lawful oath being administered to the witness on this special presentment charging the defendant with the offense of gaming, she was sworn to give evidence generally against various persons for gaming, and, after being so unlawfully sworn, gave testimony not only against this defendant, but against a great many other persons at the same time for the offense of gaming, and on this general testimony this presentment was returned; that there was no indictment or presentment before the grand jury charging him with a specified offense, upon which this witness was sworn and delivered her testimony. The State demurred to this plea and moved that the court strike that part of it which alleged that there was no indictment or presentment before the grand jury against the defendant when the witness delivered her testimony, and that the witness was not sworn to give evidence in this special case against the defendant. The court sustained this part of the demurrer and struck from the plea the above-stated allegation, holding that the oath of the witness was valid and the testimony legal evidence, although there was no indictment or presentment drawn and pending against the defendant, in correct or legal form, when the witness testified before the grand jury. The defendant excepted to this ruling. The State filed a general denial of the allegations of

the plea, and the issue thus formed was submitted to the jury. At the conclusion of the evidence the court directed a verdict against the plea; and this also was excepted to. In support of the allegations contained in the plea in abatement, the defendant introduced the solicitor-general, who testified that the witness whose name was on the back of the special presentment was the only witness that appeared and testified before the grand jury in the case, and that on her testimony alone the special presentment was found.

Counsel for the defendant propounded to the solicitor-general the following questions: "Was any oath administered to Carrie Cooper in this case against Ed. Switzer when she testified before the grand jury?" "Was his name mentioned in any oath administered to her before the grand jury?" "Was this special presentment founded upon the testimony of Carrie Cooper under any oath administered to her in this particular case before the grand jury?" The witness refused to answer these questions, on the ground that the information desired was privileged and confidential; and he stated that he would go to jail before he would tell what oath was administered to her. The defendant's counsel stated to the court that he expected to prove by this witness that no oath was administered to the witness Carrie Cooper, in the case against the defendant Switzer, when she testified before the grand jury; that his name was not mentioned as the defendant against whom she was to testify, under any oath which was administered to her before the grand jury, and that there was no special presentment or indictment against the defendant upon which she was sworn. The court refused to compel the witness to answer the questions; and this refusal was excepted to.

When the case was called in this court a motion was made to dismiss the writ of error, because the brief of evidence attached to the bill of exceptions was not approved or identified by the court, or agreed to by counsel for the parties. A brief of so much of the oral and documentary evidence as is material, and a brief of the pleadings in the case, are incorporated and made a part of the bill of exceptions, and are verified by the certificate of the judge.

1. In all cases of presentment or of indictment the only oath which can be administered to a witness before the grand jury is as follows: "The evidence you shall give the grand jury on this bill of indictment (or presentment, as the case may be—here state the

case) shall be the truth, the whole truth, and .nothing but the truth. So help you God." Penal Code, §834. If the oath of the witnesses sworn before the grand jury be materially different from the above oath prescribed by the statute, the indictment or present-ment should be quashed or dismissed. *Ashburn* v. *State,* 15 *Ga.* 246. The grand jury can not find a bill or make a presentment, "except upon the testimony of witnesses sworn in a particular case, where the party is charged with a specified offense." In re *Lester,* 77 *Ga.* 143. Unless the oath prescribed by the statute is taken by the witness, his testimony before the grand jury does not amount to evidence, and, if false, would not be a basis upon which perjury or false swearing could be assigned, and an indictment or presentment returned on such alleged evidence would be no indict-ment or presentment, and should be quashed by the court. It will be seen that the oath to be administered to a witness before the grand jury is the same whether, in the case pending before that body, the crime is charged in the form of a bill of indictment or of a special presentment. Under the common law, and formerly in this State, the practice was that the State's counsel was required to file an indictment upon a special presentment of the grand jury. The distinction between a special presentment and a bill of indict-ment, even under the old practice, according to Mr. Bishop, in his work on Criminal Procedure (§136), was very thin; and even this distinction has been abolished in practice for many years in this State. The solicitor is not now required to frame any indictment on a special presentment, but the special presentment of the grand jury is returned into court, and upon it the defendant is arraigned and tried. In other words, it has the same force and effect as a bill of indictment. The only formal difference between the two is that a prosecutor prefers a bill of indictment, and a special pre-sentment has no prosecutor, but, in theory, originates with the grand jury. Even this difference between a bill of indictment and a special presentment no longer exists, and the finding of the grand jury is prepared by the solicitor-general, and called a bill of indict-ment, or a special presentment, at his will. But whether a special presentment or bill of indictment, the law prescribes the same oath to be administered to the witness before the grand jury; and, giving to each word in this oath its proper significance, the conclusion is irresistible that there can be no valid bill of indictment or special

presentment by the grand jury except upon the testimony of a witness sworn in a particular case, charging a named party with a specified offense. In other words, as a prerequisite to valid testimony before a grand jury, there must be before the grand jury some pleading, either in the form of a bill of indictment or a special presentment, charging a named person with a specified offense, and upon which particular case the witness must be sworn; and the only oath that can be administered to the witness is the one, or at least substantially the one, which is prescribed by the statute. To swear a witness generally is not sufficient. The law does not authorize the grand jury to compel a witness to become a public informer. In the opinion of the writer, to swear a witness merely by stating a case against a party for a specified offense, without in fact having the case stated in the form of an indictment or special presentment, would not meet the requirements of the statute. The right to question the witness is limited to the special case upon which he is sworn, and the grand jury has no right to find any bill or to make any special presentment except upon the testimony of a witness sworn in a particlar case in which the party is charged with a specified offense, and in which the oath administered to the witness is substantially the one prescribed by the statute. The writer thinks that the judge erred in sustaining the demurrer to that part of the plea in abatement which alleged that there was no indictment or presentment made out and before the grand jury against the defendant when the witness delivered her testimony; in other words, that there was no particular case charging the defendant with a specified offense then and there pending before the grand jury.

2, 3. The questions propounded to the solicitor-general as a witness were proper and legal, and the information desired was material to the issues involved. The subjects of this inquiry did not relate to any conduct or action of any member of the grand jury, nor did it relate to any advice which the solicitor-general had given the grand jury in his official character. Any member of the grand jury and the solicitor-general are competent witnesses to testify, not only as to the character of the oath administered to a witness before the grand jury, but also as to the testimony which the witness may give to the grand jury. We can not imagine any reason of public policy that would prevent a defendant from proving by the solici-

tor-general what oath he had administered to a witness before the grand jury. If the oath had been administered by the foreman of the grand jury, he could be compelled to testify in a court of justice as to what oath had been administered. For his own protection a defendant is entitled to have a lawful oath administered to every witness that may appear before the grand jury; and there can be no lawful witness, unless the oath prescribed by the statute, in substance at least, has been administered. We therefore conclude that the court erred in refusing to compel the solicitor-general to answer the questions propounded to him, not only as to what oath had been administered to the witness before the grand jury, but whether in fact there was any indictment or presentment pending against the defendant, charging him with a specified crime, upon which the witness was sworn. The testimony was in no sense privileged or confidential.

4. This is not a case in which it is asked that a judgment on a motion for a new trial be reviewed, but is a direct bill of exceptions to certain rulings of the court. The brief of the evidence was properly incorporated in the bill of exceptions and verified by the certificate of the judge. The motion to dismiss the writ of error is denied. Civil Code, § 5528, par. 1.      *Judgment reversed.*

RUSSELL and POWELL, JJ. We concur in the result, and agree in the main with what has been said in the opinion of the Chief Judge. It is our view, however, that in cases of special presentments, it is not necessary that the grand jury should have before them, at the time the witness is sworn, the physical written presentment. It is sufficient, in our opinion, that there should be a specified charge pending against the person or persons accused and that some definite memorandum of that fact should be before the body, either being entered on the docket kept by them or otherwise. The testimony, upon which the final action of the grand jury, as evidenced by the writing called the presentment, is based, must necessarily be given before that writing can become legally complete; for it is not legally complete until it has been indorsed as a true finding by the grand jurors, or the foreman. In the absence of this indorsement, the writing containing the charge should have no greater efficacy than a memorandum showing that it was the intention of the grand jury to investigate the specified charge against the designated defendant. When an investigation of this kind is

pending, we think that the witness, sworn definitely and specifically in reference to it, and having taken the prescribed oath, is legally sworn; and if he gives false testimony, he is subject to prosecution for perjury. The words "indictment" and "presentment," found in the oath, relate to the inchoate charge, not to the completed pleading. We are confirmed in this view by the fact that for many years presentments charging parties with crime were reported to the court in the general presentments of the grand jury, along with other matters of public interest which had no reference whatever to the commission of crime. The pleadings were thereafter perfected by the drafting of the indictments by the prosecuting attorney, even in the absence of the grand jury.