## 19428. ALDRIDGE *v.* THE STATE.

Decided March 6, 1929.

*J. B. Moore,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.

Bloodworth, J. Claude Aldridge was convicted of perjury, and he assigns error on the overruling of his motion for a new trial. In his bill of exceptions he does not assign error on the overruling of his demurrer to the indictment or on the exceptions pendente lite thereto; and therefore this ruling can not be considered by this court.

The charge against the defendant is, in substance, that he swore before the grand jury of Appling county that Alvin Martin shot a pistol on a public highway and he saw him do it; and on the trial of Alvin Martin in the city court of Baxley, he swore that he did not see Martin with a pistol or gun and did not see him discharge it. The indictment was in two counts, the first charging that the defendant swore falsely before the grand jury, and the second charging that he swore falsely on the trial in the city court. The State elected to try the defendant on the first count.

The gravamen of this case, the vital and controlling issue, is: Does the evidence show that there was such a lawful oath administered to the defendant as could be the basis of a prosecution for perjury? On the trial of the defendant, J. A. Ross swore: "I was foreman of the grand jury . . and I was presiding when a case came up to be investigated against Alvin Martin, . . and Claude Aldridge was sworn as a witness. I swore him by having him hold up his hand, and the question I asked him was, 'The evidence you shall give in the case against Alvin Martin shall be the truth, the whole truth, and nothing but the truth, so help you God.' At the time I administered that oath we had an indictment before us on the table against Alvin Martin, charging him with shooting on the highway, and Claude Aldridge gave testimony after being sworn." The State then introduced evidence to show what the defendant Aldridge swore before the grand jury, and to show that it was false.

Section 835 of the Penal Code of 1910 provides that "The foreman of each grand jury may administer *the oath prescribed by law* to all witnesses required to testify before such grand jury," and section 838 prescribes the following oath: "The evidence you shall give the *grand jury* on *this bill of indictment* (or presentment as the case may be—here *state the case*) shall be the truth, the whole truth, and nothing but the truth. So help you God." (Italics ours.) The evidence in the instant case shows that in the oath administered to the defendant by the foreman of the grand jury, there was no mention of "the grand jury," or of "this bill of indictment," or of any bill of indictment, or of any "presentment," and the foreman did not "state the case." There is nothing to show that the defendant knew what was in the indictment against Alvin Martin lying on the table, or that the defendant knew that

an indictment against Alvin Martin was lying on the table. The oath that the defendant took gave him no notice of what Alvin Martin was charged with. The law says that the one administering the oath should "state the case."

"Penal statutes must be strictly construed." *Brandon* v. *State,* 37 *Ga. App.* 495 (141 S. E. 63). In the case of *Ashburn* v. *State,* 15 *Ga.* 246, the first headnote is as follows: "In all cases of presentment or of indictment, the *only lawful oath* which can be administered to witnesses, to be sent before the grand jury, is the following: 'The evidence which you shall give to the grand jury, on this bill of indictment, (or presentment) as the case may be, (here *state the case*) shall be the truth, the whole truth and nothing but the truth, so help you God.'" (Italics ours.) And, referring to the oath which was administered to the witness in the *Ashburn* case, the Supreme Court, on page 248, said: "It omits to state the proceeding, the presentment or the indictment, in which· the testimony is to be given. With such differences it is not in form or in substance the same oath as the one which the code prescribes; and so is not the oath which the code requires to be administered; and, therefore, is not a lawful oath. The oath should have followed the Code. The oath being unlawful, the statements of the persons examined under it could not amount to evidence. But the presentment and indictment were founded on those statements. They were, therefore, founded on what was not evidence—in other words, were without foundation. They were, therefore, void. Neither perjury nor false swearing can be assigned, unless the oath be a *lawful* one." In *re Lester,* 77 *Ga.* 143, 147, the Supreme Court, citing the *Ashburn* case, supra, said: "The grand jury can find no bill or make any presentment, except upon the testimony of witnesses *sworn in a particular case,* where the party is charged with a *specified* offense, to speak the truth, the whole truth, and nothing but the. truth." In the instant case the "particular case" against Alvin Martin was not stated in the oath, nor was the offense "specified." In *Switzer* v. *State,* 7 *Ga. App.* 7 (65 S. E. 1079), this court held: "The grand jury can not find a bill or make a special presentment except upon the testimony of a witness to whom has been administered the oath substantially as prescribed in section 834 of the Penal Code, in a *particular case* where the party is charged with a specified offense. In other words, to make

the finding legal, the witness must be sworn on a bill or present-
ment charging a specific offense against the party." And on pages
9 and 10 of the opinion, Chief Judge Hill, speaking for the court,
said: "In all cases of presentment or of indictment the *only* oath
which can be administered to a witness before the grand jury is as
follows: 'The evidence you shall give the grand jury on *this bill
of indictment* (or presentment as the case may be—here *state the
case*) shall be the truth, the whole truth, and nothing but the
truth, so help you God.' Penal Code, § 834. If the oath of the
witnesses sworn before the grand jury be materially different from
the above oath prescribed by the statute, the indictment or pre-
sentment should be quashed or dismissed. *Ashburn* v. *State,* 15
*Ga.* 246. The grand jury can not find a bill or make a present-
ment 'except upon the testimony of witnesses *sworn in a particular
case,* where the party is charged with a specified offense.' *In re
Lester,* 77 *Ga.* 143. Unless the oath *prescribed by the statute* is
taken by the witness, his testimony before the grand jury does not
amount to evidence, and, if false, *would not be a basis upon which
perjury or false swearing could be assigned,* and an indictment or
presentment returned on such alleged evidence would be no in-
dictment or presentment, and should be quashed by the court."
(Italics ours.) In *Black* v. *State,* 13 *Ga. App.* 546 (79 S. E. 173),
this court held: "In the first indictment for perjury the State was
required to prove that Black was *lawfully* sworn." (Italics ours.)
Any mere oath is not sufficient to support a prosecution for perjury;
it must be a *lawful* oath. This is further illustrated by the fact
that in *Hutchins* v. *State,* 8 *Ga. App.* 409 (69 S. E. 309), this
court said a pauper's affidavit in order to be effective, must be
"such an affidavit as would support a prosecution for perjury;"
and the strictness of the law is also shown by the statement in the
*Ashburn* case, supra, that "the oath should have followed the code."

The oath administered to the witness Aldridge before the grand
jury, not mentioning "the grand jury," or the "bill of indictment,"
or any bill of indictment, or "presentment," and not "stating the
case" under investigation against Alvin Martin, was not a lawful
oath, and could not properly be the basis of a prosecution for
perjury, and the statements made to the grand jury by the wit-
ness under such an oath do not constitute evidence.

The indictment having alleged that the defendant Aldridge swore

falsely before the grand jury "after a lawful oath had been administered to him," and the State having failed to prove this material allegation, the verdict is without evidence to support it, and the court erred in overruling the motion for a new trial.

Since there is not likely to be a recurrence of the alleged errors referred to in those special grounds of the motion which are not covered by the foregoing ruling, we do not deem it necessary to pass upon them.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*