## 27049. TAYLOR *v*. THE STATE.

Decided September 21, 1938.   Rehearing denied November 9, December 14, 1938.

*C. L. Hilton, J. B. Moore,* for plaintiff in error.

*W. G. Neville, solicitor-general,* contra.

GUERRY, J.   C. L. Taylor was indicted and convicted of the offense of subornation of perjury.   The indictment alleged in substance that he did "on the 18th day of May, 1936, . . wilfully, knowingly, and feloniously solicit, counsel, and procure one Lamar Hill to commit the offense of perjury, in the manner and form and by means as follows, to wit: that the said accused, C. L. Taylor, then the plaintiff in a certain suit brought by him against Carrie Belle Taylor, then and there pending and being tried in the superior court of Screven County, Georgia, a court of record having jurisdiction of the subject-matters of said suit, and that the said accused, prior to the trial of said suit, did induce and procure and feloniously solicit and counsel the said Lamar Hill to wilfully, knowingly, absolutely, and falsely swear with and without laying the hand upon the Holy Evangelist of Almighty God, and after having a lawful oath administered to him  . .  [here follows the substance of the alleged false testimony] said testimony . .  being material to the issue or point in question in said case," and known by said Lamar Hill to be false.   The defendant excepts to the overruling of his motion for new trial as amended.

■ In a prosecution for subornation of perjury it does not amount to an expression or intimation of an opinion for the trial judge to refer to perjury or subornation of perjury as a "crime." In the present case the trial judge charged:  "'I charge you that subornation of perjury and false swearing shall consist in procuring another person to commit the *crime* of perjury or false swearing."   And further:  "The *crime* of subornation of perjury consists of two essential elements, the commission of the perjury by the person suborned and the wilful procuring him to do so by the suborner.   The guilt of both the perjurer and the suborner must both be proven on the trial.   The commission of the *crime* of perjury is the basic element of the *crime* of subornation of perjury." It is obvious that the trial judge did not express or assume that a crime, either perjury or subornation of perjury, had been committed in the above charges.   His reference to perjury and subornation of perjury as "crimes," was legitimate, for the law so de-

clares them. Counsel for defendant cites, among others, the case of *Freeman* v. *State,* 158 *Ga.* 369 (4) (123 S. E. 126), wherein it was ruled: "It is error for the court to assume or seem to assume that a transaction was a crime." See also *Minor* v. *State,* 58 *Ga.* 551 (3); *Phillips* v. *State,* 131 *Ga.* 426 (62 S. E. 239). This principle, however, has no application here for the trial judge did not assume or seem to assume that any transaction presented by the evidence constituted a crime. In the *Freeman* case, Lula Freeman was indicted for the murder of her husband. The court charged the jury in part as follows: "There is no evidence here of a person who swears directly that they saw *the crime* committed." The court thus assumed that the homicide constituted a crime, in the face of evidence authorizing a finding that the homicide was accidental or justifiable. No ruling was there made that it was erroneous for the court to refer to murder, or voluntary manslaughter, or involuntary manslaughter as crimes. We think it apparent that the complaint is without merit.

■ The trial judge charged the jury that in order to convict the defendant of subornation of perjury, it was necessary for the State to prove, among other things, that perjury had been committed by the witness alleged to have been suborned. He defined to the jury the offense of perjury and then charged them as follows: "Now, in a case of perjury, the law says to convict of perjury there must be two witnesses to prove the charge, or one witness and corroborating circumstances. The nature and sufficiency of the corroboration necessary to prove the perjury must in each case be determined by the jury, but the equilibrium between the oath of the alleged perjurer and the oath of the contradicting witness should be destroyed by material and independent circumstances strongly corroborative of the positive testimony of the witness." We must first say that the exceptions taken to this charge are not entirely clear. Manifestly, the trial judge was charging as to the quantum of proof necessary before a charge of perjury could be sustained. That is, that it is not sufficient for the State to prove by one witness that the testimony given by the alleged perjurer was false, but that *this equilibrium* between the oath of the alleged perjurer in the former trial, against the oath of the contradicting witness upon the trial for perjury, or, as in the present case, subornation of perjury, must be destroyed by the State, by the testimony

4

of an additional witness or circumstances strongly corroborative of the contradicting witness. We can not conceive how this charge could have been erroneous, especially as to the defendant. The best that we can get of the criticism made by counsel is that the charge was inapplicable because the defendant put up no witnesses, but merely made a statement in his own behalf. This fact, however, does not render the above charge inapplicable. As we have pointed out, the charge merely had reference to the quantum of proof necessary to sustain a charge of perjury. It was entirely to the benefit of the defendant since it was an instruction as to the burden of proof placed upon the State, and was not understated.

■ In the trial of an accused under an indictment for subornation of perjury, where the official court stenographer testified without objection that he reported the case wherein the perjury was alleged to have been committed, that it was the case of Taylor *v.* Taylor, pending in the superior court of Screven County, that Judge Woodrum presided, that it was a suit for the annulment of a marriage between the parties, all of which corresponds with the allegations of the indictment, this is sufficient proof of the pendency of the judicial proceeding set forth in the indictment. See identical ruling in *Smoak* v. *State,* 58 *Ga. App.* 299 (198 S. E. 99).

■ Complaint is made that the evidence does not show that a lawful oath was administered to the witness alleged to have been suborned in the trial of the case wherein it is alleged such witness committed the offense of perjury. Several witnesses testified that the witness alleged to have been suborned testified in the case of Taylor v. Taylor. The official court stenographer testified that the witness "was sworn as a witness by Mr. Brant." It is a familiar maxim that, in the absence of evidence to the contrary, the regularity and legality of the proceedings in a court of record will be presumed. *Omnia praesumuntur rite et solemniter esse acta donec probetur in contrarium.* Thus, in the trial of one under an indictment for subornation of perjury, where it is shown that the alleged perjurer was sworn and testified, it will be presumed that a lawful oath was administered to him, in the absence of proof to the contrary. See *Smoak* v. *State,* supra. The case of *Ashburn* v. *State,* 15 *Ga.* 246, is distinguishable from the present case, for in that case it appeared that the only oath propounded to witnesses

who testified before the grand jury was not the oath required by law.

5. We pointed out above that the official court stenographer testified that the alleged perjurer "was sworn as a witness by Mr. Brant." Complaint is made that it is not shown that Mr. Brant was a lawyer. While we believe that the evidence does show that Mr. Brant was a lawyer (there being testimony that he represented one of the parties in the case of Taylor v. Taylor, and another witness referring to him as "lawyer Brant"), yet such a showing was entirely unnecessary, and the failure of the evidence in this connection furnishes no ground of complaint. The law makes no requirement that an oath be administered to a witness by an attorney. The witness was sworn by a "Mr. Brant." The inference is, and the presumption would be, that the oath was administered in the presence of and at the direction of the court. This would amount to the administering of the oath by the court. "The competency of the person who reads the words of the oath to the witness and does the ministerial part of its administration is immaterial." 48 C. J. 856. Cf. *Ruff* v. *State,* 17 *Ga. App.* 337 (2) (86 S. E. 784).

■ Exceptions to the introduction of evidence may not for the first time be taken in a motion for new trial, where no objection was made thereto at the trial. Therefore those grounds of the motion for new trial complaining of the introduction of certain testimony of the court stenographer, a witness for the State, such as his testimony that the testimony of the alleged perjurer was "material," and that a "lawful" oath was administered to him, on the ground that they constituted conclusions of the witness, can not be considered by this court, it not appearing that objection was made to their introduction at the trial.

■ The evidence supports the verdict and the trial judge did not err in overruling the motion for new trial as amended.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

MacIntyre, J., concurring specially: I concur in the ruling made in the third headnote only because I am bound by the majority opinion filed in the case of *Smoak* v. *State,* supra, wherein the case of *Heflin* v. *State,* 88 *Ga.* 151 (14 S. E. 112, 30 Am. St. R. 147), was distinguished. My views are embodied in a dissent filed by me in the *Smoak* case.