*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 12, 1972—DECIDED JULY 12, 1972.

27229.   BECKMAN v. THE STATE.

328

*Adams, O'Neal & Hemingway, Manley F. Brown, H. T. O'Neal, Jr.,* for appellant.

*R. Avon Buice, District Attorney,* for appellee.

MOBLEY, Chief Justice. The grand jury of Houston County charged the Mayor and named Councilmen of the City of Warner Robins in six counts with wilfully and intentionally violating the terms of their oaths of office by making contracts of purchases for the city in excess of $500 without first taking three competitive bids as required by the charter of the city, and approving payment for the contracts.

The appellant councilman, one of the co-indictees, filed a plea in abatement and multiple demurrers to each count of the special presentment, some of the demurrers raising constitutional questions. The appeal is from the overruling of the plea and demurrers. Certificate for immediate review was filed.

■ The plea in abatement asserted that the presentment should be quashed because it was not physically present in the grand jury room when sworn testimony was heard in connection with the matter, and that it was drafted after all the sworn testimony had been heard by the grand jury.

The stipulation in the record shows that on August 23 and 24, 1971, the grand jury had before it a special presentment containing 15 counts, and testimony was heard from various witnesses, who were sworn with respect to that presentment. The grand jury returned a "no bill" as to

that presentment on August 31, 1971. The special presentment now under review was prepared on August 26, 1971, and returned as a "true bill" on August 31, 1971. No additional witnesses or other evidence were presented to the grand jury prior to the return of the true bill in the special presentment now under review. The 6 counts of the special presentment now under review were contained in the presentment which was returned as a no bill.

The appellant points out that *Code* § 59-211 requires that witnesses before a grand jury must take the following oath: "The evidence you shall give the grand jury on this bill of indictment (or presentment, as the case may be — here state the case) shall be the truth, the whole truth, and nothing but the truth. So help you God." The appellant cites *In re Lester,* 77 Ga. 143, 147, wherein this court said: "The grand jury can find no bill nor make any presentment, except upon the testimony of witnesses sworn in a particular case, where the party is charged with a specified offense, to speak the truth, the whole truth, and nothing but the truth; and this court, in *Ashburn's* case, 15 Ga. 246, held, where a sweeping oath, materially different from that prescribed by the statutes, was administered to witnesses, that an indictment found on testimony of persons so sworn was invalid, and ought to be quashed or dismissed." It is contended that because no witnesses were sworn to testify as to the presentment on which the grand jury returned a true bill, it should be quashed.

The witnesses who testified concerning the matters contained in the first presentment were sworn to give true evidence as to the identical persons and matters contained in the presentment in which they returned a true bill. It is obvious that they decided to charge the appellant and his co-indictees with some of the offenses stated in the original proposed presentment, but not all of them. Another presentment was thus drawn to include only those offenses as to which they chose to return a true bill. It was sufficient that they had before them a presentment which named the same persons and charged the same offenses as those in the pre-

sentment returned as a true bill.

■ The appellant was charged with violating *Code Ann.* § 26-2302 (Ga. L. 1968, pp. 1249, 1306), which provides as follows: "Any public officer who wilfully and intentionally violates the terms of his oath as prescribed by law shall upon conviction be punished by imprisonment for not less than one nor more than five years."

The appellant contends that this section was not intended to apply to municipal officers, and in support of this contention refers to the Committee Notes of the Criminal Law Study Committee which prepared the new criminal code for submission to the General Assembly. These committee notes state that the new § 26-2302 amends § 26-4010 of the Code of 1933, pertaining to the violation of the terms of his oath by any jury commissioner or clerk of the superior court, by removing the words "shall be guilty of false swearing, and" from that section. It is asserted by the appellant that these notes should be considered as indicating the legislative intent that the section applies only to jury commissioners or clerks of the superior courts.

These notes correspond with § 26-2302 as it appeared in the "Tentative Draft of the Proposed Criminal Code of Georgia" prepared by the Criminal Law Study Committee, which proposed section applied only to any "jury commissioner or clerk of the superior court." The committee notes can not be considered as the intent of the General Assembly in the passage of *Code Ann.* § 26-2302, since the section was amended by the General Assembly to apply to any public officer.

A councilman of an incorporated city is a public officer. *Rogers v. Croft,* 203 Ga. 654 (2) (47 SE2d 739). The Chapter of the Criminal Code in which *Code Ann.* § 26-2302 has been placed is entitled, "Abuse of Governmental Office." Some of the sections in the chapter deal specifically with State officers, and some with officers of a political subdivision. *Code Ann.* § 26-2302 plainly applies to "any public officer," and this would include public officers of a municipality.

■ The appellant contends that each count of the presentment fails to charge him with any criminal act or with any act which is a violation of any law of the State of Georgia.

*Code Ann.* § 26-2302 makes penal the wilful and intentional violation of his oath by any public officer. The oath required of a councilman of Warner Robins is that he faithfully perform the duties of his office. Ga. L. 1943, pp. 1624, 1626, § 5.

"For any particular act or conduct to constitute a criminal offense the statute defining the offense, or some other law of the State must in express terms declare such conduct to be a violation of the law or provide that it be punished as a criminal offense." *Wood v. State,* 219 Ga. 509, 511 (134 SE2d 8).

To charge a councilman with the penal offense of violating his oath to faithfully perform the duties of his office, the statute placing a particular duty on the councilman must be tested by the rule of strict construction applicable to criminal statutes. *Cargile v. State,* 194 Ga. 20, 23 (20 SE2d 416).

The only reference to competitive bidding in the charter of the City of Warner Robins is in a 1971 amendment (Ga. L. 1971, pp. 3580, 3586). Art. II, § 3 (b) provides the duties of the mayor, and the 5th and 9th duties, dealing with competitive bids, are as follows:

"(5) To make and execute all lawful contracts except as otherwise provided for herein, with the approval of Council on behalf of the city as to matters within their jurisdiction, except such as may be otherwise provided by law or by ordinance passed by the Mayor and Council provided that no contract purchase, or obligation involving over five hundred ($500) dollars shall be valid and binding until after three competitive bids shall have been submitted in writing to the Mayor and Council. . .

"(9) The Mayor shall be responsible for purchasing for the city by whom all the purchases of supplies for departments under his control as herein provided and all contracts for printing shall be made, and he shall approve all

vouchers for same, provided that all contracts or agreements made by him requiring the expenditure of money to the amount of five hundred ($500) dollars, not more often than once each 30 days, confirmed by Council, or more shall be approved by the Council, after he shall have first secured written competitive bids covering said purchase. In the capacity of purchasing agent, he shall conduct all sales of personal property which the Council may authorize to be sold, and which have become unnecessary or unfit for the city's use — all such sales shall conform to such regulations as the Council may from time to time prescribe. In any case of purchase or sale, if an amount in excess of . . . $500 be involved, opportunity for competition shall be given."

No duty rests on councilmen, under this vague and ambiguous language, to secure competitive bids for purchases exceeding $500. There is reference to the approval by council of contracts of purchase, but there is no language showing clearly any duty of councilmen in approving contracts made by the mayor.

In view of the rule of strict construction of a statute which is made penal in conjunction with another statute, the charge against the appellant of violating his oath by approving contracts exceeding $500, made without first obtaining competitive bids, did not charge a crime under the laws of Georgia. The trial judge erred in overruling the demurrers asserting this contention.

In view of the ruling that the 1971 amendment (Ga. L. 1971, pp. 3580, 3586) to the charter of the City of Warner Robins does not show a clear duty of councilmen in connection with obtaining of competitive bids, it is unnecessary to determine the constitutionality of this amendment as it pertains to duties of councilmen.

It is unnecessary to determine numerous other questions made by the demurrers, since under the above ruling the presentment is invalid.

*Judgment reversed. All the Justices concur.*