51958. BROGDON v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of two counts of theft by taking. Count 1 charged the theft of a tractor and Count 2 charged the theft of a plow, all the property of a farm equipment dealer. Both counts charged that the thefts occurred on March 22, 1975. The indictment alleged a prior conviction for a felony under the recidivist statute. The court adjudged a sentence of ten years. *Held:*

1. The evidence unquestionably showed that the tractor and plow were stolen at the same time and from the same place and victim. The provisions of Code § 26-506 (a) concerning multiple prosecutions for the same conduct prohibits a multiple *conviction* in this case. It provides in pertinent part: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other. . . ." A crime is an included crime and multiple conviction is barred if "it is established by proof of the same or less than all the facts. . ." Code § 26-505 (a). Applying these rules, the theft of the plow was certainly included within the larceny of the tractor. The evidence shows that the plow was attached to the tractor at the time but that it was sold separately. The fact of a separate sale is insignificant as the theft was under one impulse and thus was only one theft. Consequently, one of the convictions must be set aside. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). The sentence will not be affected hereby as proof of the prior felony conviction makes mandatory the imposition of maximum sentence of ten years for this theft. Code § 27-2511.

2. The evidence otherwise authorizes the conviction for the theft of either the plow or the tractor.

3. All other enumerations have no merit.

*Judgment affirmed with direction to the trial court to set aside either the conviction on Count 1 or on Count 2. Clark and Stolz, JJ., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED MAY 20, 1976 — REHEARING DENIED JUNE 11, 1976 —

*J. Laddie Boatright, Jack W. Carter, Elsie H. Griner,* for appellant.

*Vickers Nugent, District Attorney,* for appellee.