## 52589. KIRKLAND v. THE STATE.

    BELL, Chief Judge.

    The defendant was convicted of perjury in violation of Code § 26-2401. The only issue raised on appeal concerns the sufficiency of the evidence. *Held:*

    1. One of the essential elements of this offense is that "a lawful oath" be administered to defendant in a judicial proceeding. Defendant contends that this was not established by the evidence. A witness for the state testified that at defendant's prior trial for burglary, defendant was called as a witness and in substance was asked by his counsel "if he solemnly swore to tell the truth, the whole truth, and nothing but the truth, so help him God. And, he acknowledged he did." The court reporter also testified that at the prior proceeding that defendant was "sworn" but he could not recall the exact words of the oath. The transcript of the earlier trial reflected that defendant was "duly sworn." Code § 38-1702 provides: "The following oath shall be ad- ministered to witnesses in criminal cases, viz: 'The evi- dence you shall give to the court and jury upon the trial of this issue between the State of Georgia and A. B., who is charged with (here state the crime or offense), shall be the truth, the whole truth, and nothing but the truth. So help you God.' " The contention is made that the state's proof failed to show that the oath given defendant conformed

with statutory form and thus no proof of the element that a lawful oath was administered. In *Ashburn v. State,* 15 Ga. 246, it was held that where it is affirmatively shown that the oath administered to a witness appearing before the grand jury which was materially different in both form and substance than the prescribed statutory oath, the administered oath was not a lawful one and could not properly be the basis for a perjury prosecution. But where there is evidence that an oath was administered to a witness, it will be presumed in the absence of proof to the contrary that the lawful or statutory oath was administered. *Taylor v. State,* 59 Ga. App. 1 (200 SE 237). The latter rule applies here as there is no proof that defendant was administered an oath that was materially different from the statutory form as was the case in *Ashburn.*

2. The alleged false testimony was that defendant denied at a hearing outside the presence of the jury at his former trial for burglary that he was advised of his Miranda rights or that he had made or his co-accused had made any statement to the police. The admissibility of an incriminatory statement of defendant in a burglary prosecution was material to the issue of guilt or innocence.

3. The evidence authorized the conviction.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Submitted September 20, 1976 — Decided October 26, 1976.

*Paul S. Weiner, Paul McGee,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.