64652. BEECHER v. THE STATE.

QUILLIAN, Chief Judge.
This is an appeal from a conviction for perjury.
In 1980, Griswell, the chairman of the Clayton County Commission, was running for reelection against opposition. Defendant, who had been employed as a wrecker driver by Sosebee, a political supporter of Griswell, told Griswell's political opposition of certain conversations and transactions of a criminal nature by Griswell and Sosebee he claimed to have witnessed. Defendant made a tape recording containing these allegations for Cochran, a preacher,

who played it to a group of people. Griswell thereupon brought a civil action for defamation against Cochran. In connection with this suit, defendant's deposition was taken in which he related under oath the alleged criminal activities of Griswell and Sosebee and with a minor exception stated that he had no prior convictions. Defendant's deposition statements resulted in his indictment on four counts of perjury. At trial, to prove the falsity of defendant's sworn statements, the state presented the testimony of Griswell, Sosebee and others contradicting defendant's deposition testimony and documents showing that he had five prior convictions. Defendant was convicted of all four counts of perjury. *Held:*

1. Defendant claims he was denied effective assistance of retained counsel for the following reasons: 1) No pretrial attempt was made to obtain a copy of an inculpatory pretrial statement of defendant nor was a Jackson-Denno hearing requested on the admissibility of the pretrial statement. 2) Timely objection was not made (a) to the state's producing evidence of the contents of defendant's inculpatory pretrial statement because it was unwarned and was improperly used as rebuttal to impeach the deposition testimony of defendant; (b) to allowing an irrelevant first indictment containing a recitation of four prior convictions of defendant to remain in evidence; and (c) to the unresponsive testimony on cross-examination of state's witness Clackum which was prejudicial to defendant. 3) Only one request to charge was submitted and no objection made to the charge given.

"The right of effective counsel does not mean that an accused is entitled to errorless counsel or counsel judged ineffective by hindsight but to counsel rendering reasonably effective assistance. *Jones v. State,* supra, 243 Ga. at 830; *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974)." *McDuffie v. Jones,* 248 Ga. 544 (4), 551 (283 SE2d 601).

Our review of the record indicates that trial defense counsel was familiar with the facts of the case; vigorously cross-examined all witnesses, made objections and was sustained on some, one of which kept out evidence prejudicial to defendant; moved for a directed verdict on several grounds, and made final argument.

We find that defendant was not denied reasonably effective assistance of counsel. "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys

now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268 (1), 269-270 (167 SE2d 588).

2. The state concedes that the trial court erred in failing to rule that the four counts of perjury constituted only one offense as they were made under the same oath. *Black v. State,* 13 Ga. App. 541 (4) (79 SE 173). We do not agree with the state that the error was harmless, however, as defendant received four convictions instead of one and the maximum sentence of ten years imprisonment on each of the four counts. Accordingly, three of the convictions and sentences must be set aside by the trial court on remand. Compare, *Brogdon v. State,* 138 Ga. App. 900 (1) (228 SE2d 5).

3. There is no merit in the enumeration that there was no evidence of a lawfully administered oath to defendant when he gave the deposition which is the basis for the allegations of perjury. The deposition states that defendant was first duly sworn and the court reporter who took the deposition testified that he swore the defendant "to tell the truth, the whole truth and nothing but the truth, so help you God." Moreover, "where there is evidence that an oath was administered to a witness, it will be presumed in the absence of proof to the contrary that the lawful or statutory oath was administered. [Cit.]" *Kirkland v. State,* 140 Ga. App. 197 (1), 198 (230 SE2d 347).

4. The defendant did not testify but in defense his entire deposition was read to the jury by trial defense counsel, the state having read only those portions pertaining to the alleged perjury. In rebuttal, on the ground of impeaching defendant's deposition testimony, the state was permitted to present through the testimony of an interrogating investigator the contents of defendant's un-warned inculpatory pretrial statement admitting that he had lied about allegations of criminality by Griswell in return for the promise of money.

Defendant asserts as error that the state was improperly permitted to impeach its own evidence, the deposition; that the testimony was improper rebuttal; and that the in-custody statement was inadmissible because defendant had not been given Miranda warnings.

However, defendant made no objection that the state was impeaching its own evidence or that the testimony was improper rebuttal. The witness' direct testimony of the contents of the statement also was received without any objection as to its admissibility nor was any request for a Jackson-Denno hearing made. Only during cross-examination did trial defense counsel apparently

discover that the statement was unwarned and then objected to the testimony on that basis.

"In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had." *Smith v. State,* 116 Ga. App. 45 (2), 48 (156 SE2d 380). Accord, *Allen v. State,* 152 Ga. App. 481 (2) (263 SE2d 259).

"Objections to evidence, including confessions, may be waived through nonobjection at trial. [Cit.]" *Reeves v. State,* 241 Ga. 44 (1) (243 SE2d 24).

Therefore, there is no merit in these assertions.

5. The ninth enumeration of error was not addressed in defendant's brief and is deemed abandoned under Court of Appeals Rule 15c (2) Code Ann. § 24-3615.

6. The remaining enumerations attack the sufficiency of the evidence and raise the general grounds.

Contrary to defendant's argument we find sufficient evidence from which it may be inferred that defendant knowingly and wilfully made the alleged false statements. Considering all of the evidence we find that it is sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed with direction to the trial court to set aside the conviction and sentence on all but one of the four counts. Shulman, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3, 5, 6, and in the judgment.*

DECIDED OCTOBER 20, 1982.

*Harry A. Osborne,* for appellant.

*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.