73225. THE STATE v. WILLIAMS.
(351 SE2d 727)

DEEN, Presiding Judge.

Donald L. Williams was indicted on four counts of perjury and three counts of making a false statement in a judicial proceeding. He had been called to testify before a grand jury in connection with charges against Rolland Callahan. Williams took the following oath: "Do you solemnly swear the testimony and evidence you are about to present to this grand jury in the case of *The State v. Rolland Callahan*, will be the truth, the whole truth and nothing but the truth, so help you God."

The trial court dismissed the perjury counts against Williams holding that the oath was not lawful because the witness was not advised of the nature of the charges pending against the accused. The state appeals. *Held*:

The oath prescribed for grand jury witnesses is found in OCGA § 15-12-68: "The evidence you shall give the grand jury on this bill of indictment (or presentment, as the case may be) (here state the case), shall be the truth, the whole truth, and nothing but the truth. So help you God."

In ruling upon appellant's plea in bar to dismiss the perjury counts, the court below held it could find no material distinction between the oath administered and that found to be deficient in *Aldridge v. State*, 39 Ga. App. 484 (147 SE 414) (1929). In that case, the administered oath did not mention the "grand jury," "this bill of indictment," or any "presentment," and the foreman did not "state the

case." This court found "[t]here is nothing to show that the defendant knew what was in the indictment against Alvin Martin lying on the table, or that the defendant knew that an indictment against Alvin Martin was lying on the table. The oath that the defendant took gave him no notice of what Alvin Martin was charged with. The law says that one administering the oath should 'state the case.' " Id. at 485. The court also noted that the oath appeared at § 835 of the Penal Code and held that penal statutes must be strictly construed, and that the oath given was not in the form or substance of the oath prescribed by the penal statute.

The court below also relies upon *Kirkland v. State*, 140 Ga. App. 197 (230 SE2d 347) (1976), a case which involves the oath which is given to witnesses at trial. That oath may be found in OCGA § 17-8-52 and requires the witnesses to be informed of both the name of the defendant and the crime or offense with which he is charged. That case relied upon *Ashburn* by holding that the oath to be given a witness conform to the statutory form.

In the oath given to Williams, two elements were absent: it did not state whether the state was seeking a bill of indictment or presentment, and it did not "state the case" by informing the witness of the offense the accused was supposed to have committed. The state, however, argues that substantial compliance with the statute is now sufficient because the oath no longer appears in the penal code. We find this argument to be without merit because the person taking the oath is still subject to criminal prosecution for a violation of the oath regardless of where the oath is located in the code, and there can be no substantial compliance when two of the statutorily required elements are missing. While extrinsic evidence showed that the witness, a police officer, had knowledge of the matters being investigated because of a monitored telephone conversation he had with an assistant district attorney approximately one week before he answered the subpoena to appear before the grand jury, this evidence cannot be used to replace the missing elements of the oath.

The Georgia courts have always insisted on strict compliance with the statutory oath: "Unless the oath prescribed by the statute is taken by the witness, his testimony before the grand jury does not amount to evidence, and, if false, would not be a basis upon which perjury or false swearing could be assigned. *Ashburn v. State*, 15 Ga. 246 [1854]." *Switzer v. State*, 7 Ga. App. 7, 10 (65 SE 1079) (1909). "[A]s a prerequisite to valid testimony before a grand jury, there must be before the grand jury some pleading, either in the form of a bill of indictment or a special presentment, charging a named person with a specified offense, and upon which particular case the witness must be sworn; and the only oath that can be administered to the witness is the one, or at least substantially the one, which is pre-

scribed by the statute. To swear a witness generally is not sufficient. The law does not authorize the grand jury to compel a witness to become a public informer . . . [T]o swear a witness merely by stating a case against a party for a specified offense, without in fact having the case stated in the form of an indictment or special presentment, would not meet the requirements of the statute. The right to question the witness is limited to the special case upon which he is sworn, and the grand jury has no right to find any bill or to make any special presentment except upon the testimony of a witness sworn in a particular case in which the party is charged with a specified offense, and in which the oath administered to the witness is substantially the one prescribed by the statute." Id. at 11. We find this analysis to be as valid today as it was in 1909.

*Judgment affirmed. Benham and Beasley, JJ., concur. Deen, P. J., Benham and Beasley, JJ., also concur specially.*

BEASLEY, Judge, concurring specially.

I reluctantly concur because it is essentially a matter of form over substance. The gist of the offense of which defendant is charged is lying under oath. He swore to tell the truth before the grand jury in the case against Rolland Callahan, the precise nature of which he knew and no one denies. Yet we find that the nature of the case, not expressly articulated in the oath, was a material variance from what is prescribed in OCGA § 15-12-68. While that is true, the extrinsic evidence unquestionably shows that when defendant appeared and took the oath and testified, both he and the grand jury knew the nature of the case under consideration. Yet, assuming the state can prove the perjury in fact, there can be no perjury in law because the nature of the case was not verbally stated in the oath.

It appears that defendant was in fact, all circumstances considered, "sworn in a particular case, where the party [was] charged with a specified offense," see *Beckman v. State*, 229 Ga. 327, 329 (1) (190 SE2d 906) (1972). Yet we must adhere to the material form and substance of the prescribed oath, else the problem which could easily be avoided will have to be dealt with on a case-by-case basis. The oath should be administered as explicitly set out. Then no occasion will arise for the offer of extrinsic evidence, which often includes conflicting memories, to fill the gaps.

I am authorized to state that Presiding Judge Deen and Judge Benham join in this special concurrence.

DECIDED DECEMBER 5, 1986.

*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney*, for appellant.

*Donald F. Samuel*, for appellee.