44976.   KENNEDY v. SAVANNAH NEWS-PRESS, INC. et al.

QUILLIAN, Judge. This case arose out of an action for libel brought in Chatham Superior Court. Notice of appeal was taken from the judgment dismissing the claim on motion. The notice of appeal was filed on July 25, 1969, and provides that none of the portions of the record are to be omitted from the record on appeal and the transcript of evidence and proceedings is to be transmitted as a part of the record on appeal. The appeal was docketed in this court on October 23, 1969. The certificate of the clerk of the trial court, which is dated October 22, 1969, contains the following recital: "I further certify that this office has held this appeal since the date of filing, July 25, 1969 awaiting the filing of the transcript of testimony as called for in the notice of appeal. Subsequent investigation has revealed that there was no transcript of testimony, and that portion of the appeal was in error." *Held:*

*Code Ann.* § 6-808 (Ga. L. 1965, pp. 18, 28; 1966, pp. 493, 497; 1968, pp. 1072, 1076) provides where no transcript of evidence and proceedings is to be sent up the clerk shall prepare and submit the record within 20 days after filing notice of appeal. Failure to meet this requirement where caused by the appellant requires the dismissal of the appeal. *Kilgo v. Cochran,* 225 Ga. 477 (169 SE2d 818); *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126). This is true in the case sub judice where affirmatively it appears that the delay in the transmission of the appeal to this court was caused by the appellant's designation of the transcript to be included when such transcript was nonexistent.

As held by the Supreme Court in *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683), the court will not consider an appeal which represents a stale one caused by the laches of the appellant. *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161). In *Noble v. State Hwy. Dept.,* 117 Ga. App. 33 (1) (159 SE2d 715) and *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. App. 781, 782 (161 SE2d 904), this court held that the failure to state whether or not the transcript will be filed for inclusion in the record on appeal is not cause for the dismissal of the appeal. However, these were not cases where the action of the

appellant resulted in a delay of the transmission of the appeal. The delay here caused the case to be heard at a call later than the one at which it would have been heard if it had been properly transmitted. Thus, the ruling of *Hornsby v. Rodriguez,* 116 Ga. App. 234 (156 SE2d 830), has no application to the instant situation. *Williford v. General Ins. Co. of America,* 119 Ga. App. 1 (2) (165 SE2d 924).

> *Appeal dismissed. Bell, C. J., and Whitman, J., concur.*

ARGUED JANUARY 5, 1970—DECIDED JUNE 15, 1970— REHEARING DENIED JULY 8, 1970—

*Kravitch & Hendrix, Aaron Kravitch,* for appellant.

*Gignilliat & Abbott, Thomas W. Gignilliat, Wensley Hobby,* for appellees.