43793. BOWEN v. COLUMBUS, GEORGIA.
(349 SE2d 740)

GREGORY, Justice.
   Dorothy Bowen sued the government of Columbus, Georgia for the wrongful death of her mother. The State Court of Muscogee County dismissed the complaint for failure to state a claim, relying on the ground that sovereign immunity is a bar. Whether this action by the court was correct is the issue on appeal.
   The complaint alleged Bowen's mother experienced symptoms indicating an impending heart attack on November 12, 1984. An ambulance service operated for profit by Columbus responded to an emergency call. The attendants, acting within the scope of their employment with Columbus, negligently failed to render proper care, proximately causing the death of Bowen's mother.
   Columbus, Georgia is a consolidation of the former governments of the City of Columbus and the County of Muscogee. Ga. L. 1971, Ex. Sess., Sept.-Oct., p. 2007. This appeal has been presented on the assumption that if Columbus is to be treated as a county for tort liability purposes the alleged claim is barred by sovereign immunity, OCGA § 36-1-4, but otherwise if Columbus is to be treated as a municipal corporation. OCGA § 36-33-1. Columbus relies on a 1983 amendment to its charter: "8-202. Tort Liability. The tort liability, expressly including liability based on a theory of nuisance, of the consolidated government shall be the tort liability applicable to counties. . . ." Ga. L. 1983, p. 4493. Bowen contends the amendment is unconstitutional on several grounds.
   1. It is first contended the amendment violates equal protection principles of the 1983 Georgia Constitution, Art. I, Sec. I, Par. II, because it denies a remedy to one injured under the alleged circum-

stances in Columbus, whereas redress is available in any other municipality in the state. But we point out the City of Columbus was abolished by the legislature when the consolidated government was created. The new government exercising power over the entire geographical area of Muscogee County was given some attributes of both cities and counties. We have held this to be within the power of the legislature. *Troup County EMC v. Ga. Power Co.*, 229 Ga. 348 (191 SE2d 33) (1972). Thus, Columbus, Georgia is not a local government to be generally compared with other cities in Georgia, but a new and distinctive form of local government. Equal protection is no more denied under these circumstances than it would have been if the City of Columbus had been dissolved leaving the county government as the sole local government within the geographical confines of Muscogee County. In other words, due to the different form of government of Columbus, residents and others within its borders are not similarly situated regarding government tort liability as compared to those in municipalities. This is analogous to the circumstance of those in unincorporated portions of counties who are not similarly situated as compared to those in municipalities. The form of government is different in each of the above two examples. There is no equal protection violation.

2. Bowen next contends the amendment violates the due process clause of the 1983 Georgia Constitution, Art. I. Sec. I, Par. I. She contends the denial of damages for wrongful death is a deprivation of property and the bar of sovereign immunity works a denial of due process. This contention was rejected by this court in *Williams v. Ga. Power Co.*, 233 Ga. 517 (212 SE2d 348) (1975) and other decisions cited there. Bowen has demonstrated no adequate basis for the overruling of these opinions. We therefore adhere to them.

3. The third attack against the amendment is on the basis of 1983 Georgia Constitution, Art. III, Sec. VI, Par. IV, limiting special legislation. The proscriptions of this provision were described in *Lasseter v. Ga. Public Service Comm.*, 253 Ga. 227, 229 (319 SE2d 824) (1984), where we held: "To violate the constitutional provision, the statute in question must either be a general law which lacks uniform operation throughout the state or a special law for which provision has been made by existing general law." The amendment is not a general law and does not violate the first principle. Furthermore, we have found no general law classifying the tort liability of consolidated local governments. Thus, this special law is not proscribed for the second reason.

4. Bowen contends the amendment should be struck down for failure to properly publish notice in accordance with Art. III, Sec. VII, Par. IX of the 1976 Georgia Constitution. That provision required publication once a week for three weeks during a period of sixty days

immediately preceding the introduction of a local bill into the General Assembly. Bowen's contention that this provision was exceeded by one day overlooks the rule for counting the number of days in a given time period. She has counted both the first and last day but it is only the last day which should be counted. OCGA § 1-3-1 (d) (3).[1]

Bowen also contends the notice was infirm for its failure to communicate the nature and consequences of the proposed amendment. We do not agree. It provided: "Notice is hereby given that application will be made at the session of the General Assembly of Georgia convening in January, 1983, for the passage of an act amending the Charter of Columbus, Georgia so as to define tort and nuisance liability for Columbus, Georgia by making the rules governing county governments in Georgia for such liability applicable throughout the territorial limits of Columbus, Georgia." We hold this language was adequate to give notice of the nature and consequence of the proposed amendment.

5. Bowen contends the amendment is void because the legislature lacked the power to extend the doctrine of sovereign immunity. Nowhere, it is argued, does the Constitution permit the legislature to extend the doctrine into new areas. But our view is that the legislature has acted within its power regarding local government. After all, as pointed out in Division 1, the power existed to abolish the former municipality of Columbus altogether. If this had been done, and nothing more, there would have remained Muscogee County clothed with sovereign immunity. To no greater extent has sovereign immunity been extended under the circumstances of this case.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED NOVEMBER 13, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*Peter G. Williams,* for appellant.
*Eugene H. Polleys, Jr.,* for appellee.

---

[1] Prior to a 1985 amendment this section provided for counting only the first *or* last day. Of course, the result is the same here.