76220, 76346. INMAN v. THE STATE (two cases).
(371 SE2d 230)

BENHAM, Judge.

Appellant was accused of two counts of perjury in an indictment which alleged that he lied twice in testimony before the grand jury. In these two cases, we granted appellant's applications for interlocutory appeal of the trial court's orders denying his challenge to the array of the grand jury and his motion to quash the indictment. Although the enumerations of error in these cases assert all five grounds on which appellant attacked his indictment in the trial court, we need address only one since our review of the evidence and of the law convinces us that the oath given to appellant prior to his testimony was deficient and that the indictment should have been quashed on that ground.

"The Georgia courts have always insisted on strict compliance with the statutory oath: 'Unless the oath prescribed by the statute is

taken by the witness, his testimony before the grand jury does not amount to evidence, and, if false, would not be a basis upon which perjury or false swearing could be assigned. [Cit.]' [Cit.] 'As a prerequisite to valid testimony before a grand jury, there must be before the grand jury some pleading, either in the form of a bill of indictment or a special presentment, charging a named person with a specified offense, and upon which particular case the witness must be sworn; and the only oath that can be administered to the witness is the one, or at least substantially the one, which is prescribed by the statute. To swear a witness generally is not sufficient. The law does not authorize the grand jury to compel a witness to become a public informer.' " *State v. Williams*, 181 Ga. App. 204, 205 (351 SE2d 727) (1986).

The oath required by statute is set out in OCGA § 15-12-68: "The evidence you shall give the grand jury on this bill of indictment (or presentment, as the case may be) (here state the case), shall be the truth, the whole truth, and nothing but the truth. So help you God." The oath administered to appellant was stipulated to be: "[T]he testimony you shall give before this grand jury in the matter of this investigation by the grand jury of the Mitchell County School System shall be the truth . . . ," etc. That oath does not "state the case" or indicate whether there was to be an indictment or presentment following. Under the case law cited in *Williams*, that oath was inadequate to serve as a basis for charging appellant with perjury.

Since the resolution of this enumeration of error in Case No. 76346 mandates the grant of appellant's motion to quash, the other enumerations of error in that case and the sole enumeration of error in Case No. 76220 are moot and need not be addressed.

*Judgment reversed in Case No. 76346. Appeal dismissed in Case No. 76220. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1988.

*Eugene C. Black, Jr.*, for appellant.
*J. Brown Moseley*, for appellee.