A91A0494. BATTALLIA et al. v. CITY OF COLUMBUS.
(406 SE2d 290)

SOGNIER, Chief Judge.

Joe and Bettie Battallia brought suit against the government of Columbus, Georgia, seeking damages for injuries incurred by Joe Battallia when he fell in a city street. Columbus filed an answer and motion to dismiss asserting that as a consolidated government composed of the former governments of the City of Columbus and the County of Muscogee, it was entitled to be treated as a county government for the purpose of tort liability and thus was entitled to the defense of sovereign immunity pursuant to *Bowen v. Columbus, Ga.*, 256 Ga. 462 (349 SE2d 740) (1986). The trial court granted the motion to dismiss, and the Battallias appeal.

1. Appellee has moved to dismiss the appeal pursuant to *Kennedy v. Savannah News-Press*, 122 Ga. App. 175 (176 SE2d 540) (1970) for untimely submission of the record because appellants erroneously stated in their notice of appeal that a transcript would be prepared for inclusion in the record when no such transcript existed. This contention is without merit. Unlike the circumstance in *Kennedy*, in the instant case there is no evidence the delay resulted from any action or omission of appellants, as the trial court clerk certified in accordance with OCGA § 5-6-43 (a) that the delay in transmission of the record was due to a heavy work load in the clerk's office.

2. In three enumerations of error, appellants challenge the trial court's dismissal of their claim, contending that appellee did not prove that the legislature obtained preclearance under Section 5 of the Voting Rights Act of 1965, 42 USC § 1973c, prior to enactment of the legislation consolidating the former city and county governments (Ga. L. 1971, Ex. Sess., Sept.-Oct., p. 2007); that as a result the legislation creating the governmental entity is null and void; and that consequently appellee cannot assert the defense of sovereign immunity.

Initially, we note that when appellants made this argument below, appellee responded by filing an authenticated copy of a document from appellee's files indicating that the Department of Justice

had reviewed pursuant to 42 USC § 1973c and approved the proposed charter for the consolidated government. Since the trial court's order granting the motion to dismiss expressly stated the court considered matters outside the pleadings (and we note appellants were given ample time to file a response to appellee's proffer), appellee's motion to dismiss was required to be treated as a motion for summary judgment. OCGA § 9-11-12 (b); *Peeples v. City of Atlanta*, 189 Ga. App. 888-889 (1) (377 SE2d 889) (1989). Accordingly, we will consider the motion as such for this appeal. See *Peeples*, supra at 889 (1).

Pretermitting the question whether a failure to obtain preclearance prior to enactment of the change in governmental form would render void the legislation establishing the consolidated government, it is well established that " '[a] duly enrolled act properly authenticated by the regular presiding officers of both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State as an existing law, will be conclusively presumed to have been enacted in accordance with the constitutional requirements.' " *Capitol Distrib. Co. v. Redwine*, 206 Ga. 477, 484-485 (57 SE2d 578) (1950). Similarly, it is presumed that all statutes are enacted by the General Assembly with full knowledge of the existing law. *Leonard v. Benjamin*, 253 Ga. 718, 719 (324 SE2d 185) (1985). Therefore, since 42 USC § 1973c was in effect at the time the consolidation legislation was enacted, we must presume the legislature acted in accordance with the applicable federal law. Considering this presumption together with the evidence adduced by appellee, and given the complete absence from the record of any evidence to rebut this presumption or to suggest that the legislature failed to follow the preclearance requirements, we find appellant's argument to be without merit. We agree with the trial court that *Bowen*, supra, controls the question of appellee's entitlement to sovereign immunity, and accordingly we affirm the trial court's decision.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 6, 1991.

*Patrick J. Araguel, Jr., Deborah B. De Palo*, for appellants.
*Eugene H. Polleys, Jr.*, for appellee.