## A96A0997. THE STATE v. BARTEL.
### (479 SE2d 4)

JOHNSON, Judge.

Bartel was indicted for perjury pursuant to OCGA § 16-10-70 (a). The indictment stemmed from Bartel's testimony before a Floyd County Grand Jury investigating alleged irregularities in the operations of the Floyd County Hospital Authority. Bartel made a motion to dismiss the indictment on the basis that the oath he gave prior to testifying before the grand jury was deficient. The trial court granted this motion to dismiss, holding that Bartel could not be prosecuted for perjury because the oath given him was not the oath prescribed by OCGA § 15-12-68. In essence, the trial court ruled that Bartel was not a sworn witness, subject to penalties for perjury. The state appeals. For the reasons set out below, we reverse.

In its sole enumeration of error, the state contends the trial court erred in holding that "a witness is not capable of being prosecuted for perjury for knowingly and willfully making a false statement before a grand jury in a noncriminal proceeding." We agree. In order to facilitate discussion of this case's legal issues, we note that the oath administered to Bartel was as follows: "Do you swear that the testimony you will give to this Floyd County Special Purpose Grand Jury in its civil investigation of the Hospital Authority of Floyd County and its affiliate organizations will be the truth, the whole truth, and nothing but the truth, so help you God?" This oath informed him what was being investigated and who was doing the investigation.

The law of Georgia does authorize a perjury prosecution against witnesses who swear falsely in testimony before local grand juries

conducting civil investigations, so long as the grand jury is lawfully conducting an investigation authorized by state law. To hold otherwise would be to fail to appreciate and give effect to the 1994 enactments of the legislature broadening the civil investigatory powers of grand juries, and to fail to limit the applicability of OCGA § 15-12-68 to witnesses testifying before grand juries during their consideration of criminal cases.

Grand juries are authorized by the 1994 amendments to the grand jury statutes to investigate any public authority of the county. See OCGA § 15-12-71 (b) (2). In connection with any such investigations, the grand jury is empowered, inter alia, "to compel the attendance of witnesses and *to hear evidence.*" (Emphasis supplied.) OCGA § 15-12-71 (c). The sanction of an oath or an affirmation equivalent thereto is necessary to the reception of any oral evidence. OCGA § 24-9-60. Except in specified cases from necessity, unsworn statements are not evidence in either criminal or civil cases. See *Hilson v. State,* 204 Ga. App. 200, 202 (1) (418 SE2d 784) (1992); see also *Huiet v. Schwob Mfg. Co.*, 196 Ga. 855, 859 (2) (27 SE2d 743) (1943).

No set form for the oath to be taken by witnesses before grand juries conducting *civil* investigations is established in the Code. On its face, the oath prescribed by OCGA § 15-12-68 is only applicable to witnesses who testify before grand juries in *criminal* cases. Therefore, the strict compliance requirement announced in the decisions cited by Bartel and the trial court is limited to cases in which a witness testifying before a grand jury in a *criminal* case is not administered the oath prescribed by OCGA § 15-12-68.

Though the record in this case is not entirely clear regarding the authority under which the grand jury in the underlying matter was proceeding, it appears that there is no dispute that the civil investigation of the Floyd County Hospital Authority by the special purpose grand jury was authorized by law, and that the grand jury was authorized to compel Bartel to appear before it and present evidence relevant to the investigation. There is a dispute between the parties to this appeal as to whether this particular grand jury was operating under OCGA § 15-12-100 et seq., or § 15-12-71, or both, but our analysis applies whichever is the case. The record shows that in his response to Bartel's motion to dismiss the indictment in the trial court, the District Attorney specifically asserted that the grand jury was empaneled under the provisions of OCGA § 15-12-100 et seq., and was proceeding under the authority of OCGA § 15-12-71 (b), (c), and (d). Bartel has not challenged that assertion either in the trial court or on appeal.

Because *State v. Williams*, 181 Ga. App. 204 (351 SE2d 727) (1986), and *Inman v. State*, 187 Ga. App. 652 (371 SE2d 230) (1988), cited by Bartel, as well as *Vaughn v. State,* 259 Ga. 325 (381 SE2d 30)

(1989), appear to require a different result, further discussion is required. Bartel argues that the grand jury in this case was a special grand jury drawing its powers from OCGA § 15-12-100 (c) rather than from OCGA § 15-12-71 et seq. He then argues that because the language of OCGA § 15-12-100 (c), which grants civil special purpose grand juries the power to "compel evidence and subpoena witnesses . . ." dates to 1974, *Inman* precludes OCGA § 15-12-100 (c) from being considered as authorizing grand juries to swear witnesses in civil proceedings. The trial court agreed with this analysis, citing *Williams* and *Vaughn*, two post-1974 cases, in addition to *Inman*. One flaw in this analysis is that neither *Inman*, nor *Williams*, nor *Vaughn* addresses OCGA § 15-12-100 (c). Both *Williams* and *Vaughn* concern regular grand juries acting in criminal cases. Bartel has not cited, and we have not found, any authorities interpreting OCGA § 15-12-100 (c) or its predecessor, Ga. Code Ann. § 59-602 (a), or holding that this statute does not empower a grand jury to swear a witness in a civil investigation. As far as we can tell from the opinion in *Inman*, the grand jury with which it was concerned was a regular grand jury apparently drawing its authority from OCGA § 15-12-75, since repealed, which contained no language regarding evidence and witnesses similar to that in OCGA § 15-12-100 (c). Furthermore, *Inman*, which concerned a grand jury purporting to be involved in a civil investigation, may well have missed the mark in that it relied upon *Williams*, which involved the oath of a witness before the grand jury in a criminal case, and *Williams* in turn relied upon *Switzer v. State*, 7 Ga. App. 7 (65 SE 1079) (1909), which also involved the oath administered to a witness before the grand jury in a criminal case. We have not discovered any case other than *Inman* which applied the *Williams* principle in a civil case, and even *Inman* concedes that the statutory oath need not be given verbatim so long as it is "at least substantially the one . . . prescribed by the statute." *Inman* at 653.

Likewise, the trial court's reliance upon *Ashburn v. State*, 15 Ga. 246 (1854), is misplaced. *Ashburn* was not only a criminal case, but the oath administered to grand jury witnesses in that case did not even require them to tell the truth. Rather, it required them merely to "testify concerning such matters as should be inquired of by the Grand Jury." Id. at 247. But for punctuation and capitalization, the statutorily prescribed oath for witnesses before grand juries at the time *Ashburn* was decided is identical to that prescribed by OCGA § 15-12-68.

Inasmuch as it appears that the grand jury in the underlying matter was authorized by law to conduct this civil investigation, and to do so in part through the vehicle of taking oral testimony from live witnesses, it defies logic to suggest that the witnesses called by the grand jury to provide that oral evidence can lie with impunity. It fur-

ther defies logic to say that the oath administered in connection with the taking of testimony in civil cases has to be identical to that set out in OCGA § 15-12-68 when there obviously is not and cannot be any "indictment or special presentment" or any individual charged with a particular criminal offense. If you follow the analysis urged by Bartel and accepted by the trial court, you are led to the conclusion that no one could ever be charged with perjury for lying to a grand jury in a civil investigation because no oath could ever be constructed in a civil matter so as to comply with OCGA § 15-12-68. Therefore, we conclude that OCGA § 15-12-68 simply is irrelevant to civil investigations conducted pursuant to OCGA § 15-12-71 (b) and/or OCGA § 15-12-100 et seq. We further conclude that no particular oath is prescribed for witnesses testifying before grand juries conducting civil investigations and, such being the case, the oath administered to Bartel here is sufficient, because it names the grand jury, specifies the type of investigation, names the subject entities being investigated and contains the almost universally accepted language regarding the promise and obligation to testify truthfully. The trial court's dismissal of the indictment is reversed, and the case is remanded for further proceedings.

*Judgment reversed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

MCMURRAY, Presiding Judge, dissenting.

I respectfully dissent. I believe the case sub judice is controlled by *Inman v. State*, 187 Ga. App. 652 (371 SE2d 230). I therefore would affirm the trial court's order granting Bartel's motion to dismiss the indictment.

DECIDED NOVEMBER 27, 1996 — 

*Stephen F. Lanier, District Attorney*, for appellant.
*Wade C. Hoyt III*, for appellee.