A99A1475. GEORGIA FORESTRY COMMISSION et al.
v. TAYLOR.
(526 SE2d 373)

POPE, Presiding Judge.

We granted a discretionary appeal in this workers' compensation case to address an issue of first impression regarding the construction of OCGA § 34-9-243 (b). That statute provides for a reduction in the amount of workers' compensation benefits an employer must pay when the employer is also paying disability benefits. The issue in this case is whether the calculation of the credit under OCGA § 34-9-243 (b) should be based on the gross amount of disability benefits which the employer has paid or on the net amount of disability benefits which the employee has received. In construing the statute, the administrative law judge, the appellate division of the State Board of Workers' Compensation, and the superior court calculated the credit based upon the employee's net retirement disability check. We conclude that the ALJ, the board and the superior court correctly calculated the credit under OCGA § 34-9-243 (b), and we affirm.

In a single enumeration of error, the employer and self-insurer, Georgia Forestry Commission, argues that the superior court erred in affirming the award of the State Board, which had affirmed the award of the ALJ. The Forestry Commission argues that it should have received credit toward its payments for workers' compensation benefits based on the *gross* amount of the disability payments

employee Larry Taylor received, rather than on the net amount of his check.

The record shows that Taylor worked for the State Forestry Commission. As part of his benefit package, he was provided with coverage under the State of Georgia Disability Retirement Plan. The State paid two-thirds of the policy premium, while the employee paid one-third. Taylor was injured on the job, and after exhausting his sick and annual leave, he was placed on permanent disability. He is entitled to gross disability retirement benefits of $1,622.02 per month. The servicing agent deducts federal and state taxes and health insurance premiums from this amount, so that Taylor receives a monthly net amount of $1,268.52 in disability benefits. Taylor is also entitled to workers' compensation disability benefits of $275 per week.

OCGA § 34-9-243 (b) provides that the employer's obligation to pay weekly workers' compensation benefits "shall be reduced by the employer funded portion of payments received or being received by the employee pursuant to a disability plan." OCGA § 34-9-243 (c) further provides that the credit shall be made only for those amounts which the employee is "entitled to, has received, or is receiving during any period in which benefits under Code Section 34-9-261 or 34-9-262 are claimed."

In this case, the parties disagreed as to the amount of the credit the Forestry Commission should receive under OCGA § 34-9-243.[1] Basing the calculation of the credit on Taylor's *net* disability check after deductions for state and federal taxes and health insurance premiums entitled the Forestry Commission to a credit of $194.74 per week; calculating the credit based on Taylor's *gross* disability benefit entitled the Forestry Commission to a credit of $247.05 per week. After a hearing, the ALJ issued an award in favor of Taylor, holding that the Forestry Commission was entitled to a credit — based on the net amount Taylor received — of $194.74 per week. The board affirmed the award of the ALJ, and the superior court affirmed the board. We then granted the Forestry Commission's application for discretionary appeal.

As stated above, OCGA § 34-9-243 (b) provides that the employer's obligation to pay weekly workers' compensation benefits "shall be reduced by the employer funded portion of payments received or being received by the employee pursuant to a disability plan." In determining the meaning of "payments received or being received by the employee," we must consider the rules of statutory

---

[1] In the proceedings below, Taylor did not raise the issue of whether the State Disability Retirement Plan falls under the purview of OCGA § 34-9-243, which by definition applies only to disability, not to retirement, plans. In affirming the ALJ's award, the appellate division noted that it did not address the issue.

construction. First, it is axiomatic that in interpreting a plain and unambiguous statute we must give its words their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. OCGA § 1-3-1 (b).

> "[A] statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." [Cit.]

*Bennett v. Wood*, 188 Ga. App. 630, 632 (1) (373 SE2d 645) (1988). Applying these rules of construction, we conclude that OCGA § 34-9-243 (b) was intended to authorize a credit based on the *net* benefit paid by the employer on the employee's behalf. The language of the statute states that the amount for which the employer receives credit is the amount to which the employee is entitled — which is that amount which the employee has *received* or is *receiving*. Because the statute does not state that the employer should be credited for the amounts paid, the employer's credit should be based on the amounts the employee actually receives, i.e., the *net* amount of the check.

The propriety of calculating the employer's credit from the *net* amount paid to the employee is also demonstrated by language from Form WC-243, the form which must be filed for the employer to receive a credit or reimbursement for amounts paid. This form specifically refers to a credit from which benefits are "paid" or payments "received" by the employee. The form then refers to the fact that the employee has been "paid" certain weekly benefits. The form indicates that the "credit shall not exceed the amount of income benefits due the employee," which indicates that the purpose of the Code section is to ensure that an employee is not unjustly enriched by doubling up on payments.

In affirming the judgment below, we note that the weakness in calculating the employer's credit according to the employee's net income is that the employee may manipulate his net income to maximize his recovery. Nevertheless, the plain language of the statute indicates that the net income is the amount which should be used to calculate the offset, and it is the job of the legislature, not of this court, to change the wording of the statute if necessary. Moreover, in interpreting the provisions of the Workers' Compensation Act, we remember that "[o]ur Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purposes." (Citations and punctuation omitted.) *Graves v. Builders Steel*

*Supply*, 186 Ga. App. 736, 737 (368 SE2d 188) (1988). So construing the Act, we conclude that the calculation of the credit under OCGA § 34-9-243 (b) should be based on the net amount of disability benefits which the employee receives.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 30, 1999 —

*Thurbert E. Baker, Attorney General, Barrow & Sims, Charles W. Barrow*, for appellants.

*James D. Hudson*, for appellee.