A07A0970. HOUSING AUTHORITY OF THE CITY OF MACON
v. ELLIS.
(655 SE2d 621)

SMITH, Presiding Judge.

The Housing Authority of the City of Macon (housing authority) appeals from the trial court's denial of its motion for summary judgment, and the grant of Mayor C. Jack Ellis's motion for summary judgment, on Ellis's petition seeking a declaration that his appointment power under OCGA § 8-3-50 (a) (1) is not subject to the city council's approval. Although the housing authority presents this issue as one of first impression, the plain language of the statute shows clearly that confirmation by the city council is not required. We therefore affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence showed that Ellis attempted to make an appointment to the board of the housing authority in accordance with OCGA § 8-3-50 (a) (1). The housing authority refused to seat the appointee on the ground that Ellis failed to first submit his choice to the Macon City Council for confirmation, as this had historically been the practice of mayors desiring to make appointments. Ellis subsequently filed a petition seeking a declaration that his appointment power is not subject to the city council's approval. Following consideration of both parties' motions for summary judgment, the superior court agreed with Ellis, holding that he has the unilateral power of appointment and that had the legislature intended that the mayor's appointees be approved by the city council, it could have required such.

OCGA § 8-3-50 (a) (1) provides that

[w]hen the governing body of a city adopts a resolution as provided in Code Section 8-3-5, it shall promptly notify the mayor of such adoption. Upon receiving such notice, the mayor shall appoint five persons as commissioners of the authority created for such city. In the event the mayor fails or refuses to submit appointments within 30 days after notice from the governing body of approval of a resolution of necessity or termination of existing appointments, the governing body may appoint the commissioners of the authority created for such city.

The housing authority argues that "the mayoral-appointment power is limited to nominating such commissioners within the statutorily-prescribed time period," and that the use of the word "submit" in the second sentence of the Code section, "[i]n the event the mayor fails or refuses to *submit* appointment within 30 days . . . ," is evidence that the mayor is required to submit candidates to the city council for approval. The housing authority argues further that prior to 1982, OCGA § 8-3-50 required that the mayor submit appointments to the State Housing Authority Board (which is no longer in existence) for

approval, and that therefore the current statute should also be interpreted to require approval of the mayor's appointees.

"When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms." (Citation and punctuation omitted.) *Ward v. City of Cairo*, 276 Ga. 391, 394 (2) (c) (583 SE2d 821) (2003). The plain language of OCGA § 8-3-50 (a) (1) provides that "[w]hen the governing body of a city adopts a resolution as provided in Code Section 8-3-5, it shall promptly notify the mayor of such adoption. Upon receiving such notice, *the mayor shall appoint five persons as commissioners* of the authority created for such city." (Emphasis supplied.)

This appointment power is unconditional. See id. The statute requires that the mayor "appoint" not "nominate." And contrary to the housing authority's argument, the use of "submit" in the second sentence of the Code section does not show a legislative intent to require that appointees be approved by the city council, but merely explains what occurs when the mayor fails to make appointments within the 30 days. Finally, it is irrelevant that the pre-1982 version of OCGA § 8-3-50 required approval by a then existing State Housing Authority Board. "[A]ll statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it." (Citations and punctuation omitted.) *Ga. Public Defender Standards Council v. State of Ga.*, 284 Ga. App. 660, 663 (2) (644 SE2d 510) (2007).

Moreover, this court is charged with the duty of interpreting statutes, not enacting them. Nor is this court empowered to refrain from deciding an issue of statutory interpretation and instead refer, or "kick," it "back to the [l]egislature for more clarity," as the housing authority suggests. If the housing authority is to obtain the relief it seeks, it must do so in the Georgia General Assembly. See *Ga. Forestry Comm. v. Taylor*, 241 Ga. App. 151, 153 (526 SE2d 373) (1999) (it is the job of the legislature and not this court to change the wording of a statute if necessary); *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 339 (1) (568 SE2d 553) (2002) (any statutory change is for the legislature and not the courts). It is a fundamental principle that "the legislature, and not the courts, is empowered by the Constitution to decide public policy, and to implement that policy by enacting laws; and the courts are bound to follow such laws if constitutional." *Commonwealth Investment Co. v. Frye*, 219 Ga. 498, 499 (134 SE2d 39) (1963).

The trial court therefore did not err in granting Ellis's motion for summary judgment on the declaratory judgment action and in denying the housing authority's motion on the same.

*Judgment affirmed. Barnes, C. J., and Adams, J., concur.*

DECIDED NOVEMBER 2, 2007 —
RECONSIDERATION DENIED DECEMBER 12, 2007 — 

*James, Bates, Pope & Spivey, Stephen Louis A. Dillard, Scott W. Spivey,* for appellant.

*Whalen & Westbury, Andrew J. Whalen III, Leigh C. Hancher,* for appellee.