A11A0758. KENERLY v. THE STATE.
(715 SE2d 688)

SMITH, Presiding Judge.

In this case presenting an issue of first impression, we are called upon to determine whether a special purpose grand jury is authorized to return a criminal indictment. We hold that it is not and therefore reverse.

The record reveals that the Gwinnett County District Attorney petitioned the judges of the Gwinnett County Superior Court to impanel a special purpose grand jury, pursuant to OCGA § 15-12-100,

for the purpose of investigating the acquisition of real property by the Gwinnett County Board of Commissioners. The petition was granted, and an order was issued impaneling the special purpose grand jury.

After the special purpose grand jury conducted its investigation for more than a year, the State contends that it served Kevin Kenerly, a Gwinnett County commissioner, with a notice of the State's intent to present a criminal indictment with evidence. On October 7, 2010, Kenerly filed an objection to the special purpose grand jury, and, on October 8, presented his objection and refused to be present during the presentation of evidence. The parties agree that on this same day, the special purpose grand jury returned an indictment against Kenerly, charging him with one count of bribery and two counts of failing to disclose financial interest.

The trial court held a hearing on Kenerly's objection to the special purpose grand jury on October 20, 2010, and following that hearing, denied Kenerly's challenge and upheld the special purpose grand jury's authority to return the criminal indictment. It is from this order that Kenerly appeals.

1. Kenerly first asserts that the trial court erred in holding that the special purpose grand jury was authorized to return the criminal indictment. We agree. OCGA § 15-12-100 et seq. are entitled "Special Purpose Grand Juries." The first Code section under that part, OCGA § 15-12-100, provides:

> (a) The chief judge of the superior court of any county to which this part applies, on his own motion or on petition of any elected public official of the county or of a municipality lying wholly or partially within the county, may request the judges of the superior court of the county to impanel a special grand jury *for the purpose of investigating any alleged violation of the laws of this state or any other matter subject to investigation by grand juries as provided by law.*
>
> (b) The chief judge of the superior court of the county shall submit the question of impaneling a special grand jury to the judges of the superior court of the county and, if a majority of the total number of the judges vote in favor of impaneling a special grand jury, the members of a special grand jury shall be drawn in the manner prescribed by Code Section 15-12-62. Any special grand jury shall consist of not less than 16 nor more than 23 persons. The foreman of any special grand jury shall be selected in the manner prescribed by Code Section 15-12-67.
>
> (c) While conducting any investigation authorized by

this part, investigative grand juries may compel evidence and subpoena witnesses; may inspect records, documents, correspondence, and books of any department, agency, board, bureau, commission, institution, or authority of the state or any of its political subdivisions; and may require the production of records, documents, correspondence, and books of any person, firm, or corporation which relate directly or indirectly to the subject of the investigation being conducted by the investigative grand jury.[1]

(Emphasis supplied.) OCGA § 15-12-101 provides guidance on the supervision of a special grand jury and procedure for its dissolution once its investigation has been completed:

(a) When a special grand jury is impaneled pursuant to Code Section 15-12-100, the chief judge of the superior court of the county shall assign a judge of the superior court of the county to supervise and assist the special grand jury in carrying out its investigation and duties. The judge so assigned shall charge the special grand jury as to its powers and duties and *shall require periodic reports of the special grand jury's progress, as well as a final report.*

(b) When the judge assigned to a special grand jury decides that the *special grand jury's investigation has been completed or on the issuance of a report by the special grand jury of the matter investigated by it reporting that the investigation has been completed*, the judge so assigned shall recommend to the chief judge of the superior court that the special grand jury be dissolved. The chief judge shall report the recommendation to the judges of the superior court of the county and, upon a majority thereof voting in favor of the dissolution of the special grand jury, the special grand jury shall stand dissolved. If a majority of the judges do not vote in favor of the dissolution of the special grand jury, *the chief judge shall instruct and charge the special grand jury as to the particular matters to be investigated; and the special grand jury shall be required to investigate further and establish a period of time within which the investigation shall be completed. At the expiration of the period of time, the special grand jury shall be dissolved.*

(Emphasis supplied.)

---

[1] We note that subsection (b) of this Code section was amended by Ga. L. 2011, p. 59, § 1 et seq. Those amendments will not take effect until July 1, 2012.

OCGA § 15-12-100 provides only that a special purpose grand jury may be impaneled "for the purpose of investigating any alleged violation of the laws of this state or any other matter subject to investigation by grand juries as provided by law." OCGA § 15-12-100 (a). There is no language under this section giving a special purpose grand jury the power to return a criminal indictment. The State argues that a special purpose grand jury has all the power and privileges of a grand jury as enumerated in OCGA § 15-12-71, but we find no statutory or case law demanding such a conclusion, and indeed the rules of statutory interpretation suggest otherwise.

First, the plain language of OCGA § 15-12-71 lists the mandatory duties of a regular grand jury, OCGA § 15-12-71 (b) (1) and (2); it also provides that a grand jury "may prepare reports or issue presentments based upon its inspections." OCGA § 15-12-71 (b) (3). There is no similar language in OCGA § 15-12-100. The plain language of OCGA § 15-12-100 (a) provides only that a special grand jury is impaneled for the purpose of investigating. And OCGA § 15-12-100 (c) enumerates the powers granted to a special grand jury "[w]hile conducting any investigation." OCGA § 15-12-101 further supports the conclusion that a special grand jury is empowered only to investigate. Section (a) provides that the judge assigned to supervise and assist the special grand jury shall require periodic reports as well as a final report after the special grand jury has carried out its "investigation and duties." And section (b) requires the assigned judge to recommend that the special grand jury be dissolved when he decides that "the special grand jury's investigation has been completed or on the issuance of a report by the special grand jury." Under this subsection, if the majority of judges do not vote in favor of the dissolution of the special grand jury, the chief judge is required to instruct and charge the special grand jury concerning the "particular matters to be investigated," and require the special grand jury to "investigate further" and establish a time within which "the investigation shall be completed."

There is no language in these Code sections granting a special grand jury the power to indict following its investigation. To the contrary, these sections anticipate that the special grand jury be dissolved upon the completion of the investigation or upon the issuance of a report.

Second, the venerable principle of the maxim "expressum facit cessare tacitum" is used to assume *deliberate* omission of actions not listed in a statute and not otherwise addressed elsewhere. See *Hinton v. State of Ga.*, 224 Ga. App. 49, 50 (2) (479 SE2d 424) (1996). And the General Assembly is presumed to act with full knowledge of the existing law. See *Battallia v. City of Columbus*, 199 Ga. App. 897, 898 (2) (406 SE2d 290) (1991). It is well-settled, as the Georgia

Supreme Court has held, that

> when we are interpreting a statute, we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it. We construe statutes "in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence," and "their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts."

(Citations, punctuation and footnotes omitted.) *Chase v. State*, 285 Ga. 693, 695-696 (2) (681 SE2d 116) (2009). If the legislature had intended to empower a special purpose grand jury with the same "powers and duties" (see OCGA § 15-12-101 (a)) as a regular grand jury as provided in OCGA § 15-12-71, it could have provided to that effect in OCGA § 15-12-100 or made reference to the powers enumerated in OCGA § 15-12-71. When the legislature *did* so intend, it made a *specific* reference: OCGA § 15-12-100 makes reference to OCGA § 15-12-62 (how members may be drawn) and OCGA § 15-12-67 (how the foreman is selected). The legislature also made a *general* reference to the Code sections governing regular grand juries to address other minor procedural details such as the qualifications of the jurors and issues concerning bailiffs. OCGA § 15-12-102 provides: "*Except as otherwise provided by this part*, the law relative to grand juries shall apply to the grand juries provided for by this part." (Emphasis supplied.) Therefore, because the powers and duties of a special grand jury *are* specifically provided for, the powers granted to regular grand juries, including the power to indict, do not apply.

The State attempts to interpret prior decisions of this court to stand for the proposition that a special grand jury is authorized to return a criminal indictment, but the authorities relied upon by the State do not so hold. The State's reliance upon *State v. Guhl*, 140 Ga. App. 23, 25 (1) (230 SE2d 22) (1976) (rev'd on other grounds, *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977)), is misplaced here. Although a special purpose grand jury apparently indicted the defendant in that case, the issue of the special purpose grand jury's power to do so was neither raised nor considered.

In *State v. Bartel*, this court held that the oath to be taken by witnesses before regular grand juries, OCGA § 15-12-68, is inapplicable for special grand juries conducting "civil investigations" pursuant to OCGA § 15-12-100. *State v. Bartel*, 223 Ga. App. 696, 697-699 (479 SE2d 4) (1996). Although *Bartel* did not decide whether

the particular grand jury before which Bartel testified was operating under OCGA § 15-12-100 or § 15-12-71, see id. at 697, it concluded that special purpose grand juries conduct only civil investigations. Id. at 699. And although the defendant in that case was charged with a criminal offense, perjury, for making a false statement " 'before a grand jury in a noncriminal proceeding,' " id. at 696, there is no indication that the special purpose grand jury, as opposed to a regular grand jury, returned the indictment against him. See generally id. at 696-697.

In the three other cases cited by the State, *Vaughn v. State*, 259 Ga. 325 (381 SE2d 30) (1989), *Inman v. State*, 187 Ga. App. 652 (371 SE2d 230) (1988), and *State v. Williams*, 181 Ga. App. 204 (351 SE2d 727) (1986), there is no indication that the defendants were indicted by a special purpose grand jury. See *State v. Bartel*, supra at 698 (stating that neither *Vaughn*, *Inman*, nor *Williams* addresses OCGA § 15-12-100, and that *Vaughn* and *Williams* concerned regular grand juries). In *Inman*, supra, it appears that the defendant "lied twice" in testimony before a special grand jury that was conducting an investigation of the Mitchell County School System. But there is no indication that he was indicted by that same body as opposed to a regular grand jury. 187 Ga. App. at 652-653.

We can find no case raising and deciding the issue before us, and are therefore bound by the plain language of OCGA § 15-12-100 et seq.

> [T]his court is charged with the duty of interpreting statutes, not enacting them . . . . It is a fundamental principle that the legislature, and not the courts, is empowered by the Constitution to decide public policy, and to implement that policy by enacting laws; and the courts are bound to follow such laws if constitutional.

(Citations and punctuation omitted.) *Housing Auth. &c. of Macon v. Ellis*, 288 Ga. App. 834, 836 (655 SE2d 621) (2007). Therefore any change to or expansion of the powers of a special grand jury must be implemented by the General Assembly.

2. Kenerly's remaining enumeration is moot in light of our holding in Division 1.

*Judgment reversed. Mikell and Dillard, JJ., concur.*

DECIDED JULY 6, 2011 —
RECONSIDERATION DENIED JULY 27, 2011 — ■

*Anderson, Tate & Carr, Jason W. Blanchard*, for appellant.

*Daniel J. Porter, District Attorney, Chandler, Britt, Jay & Beck, Walter M. Britt, Luther H. Beck, Jr.*, for appellee.