**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 28, 2013**

# In the Court of Appeals of Georgia

A13A1071. THE STATE v. LAMPL.

A13A1072. LAMPL v. THE STATE.

RAY, Judge.

On September 14, 2011, a Clayton County grand jury indicted John James Lampl for the offenses of conspiracy in restraint of free and open competition (Count I), false statements and writings (Counts II-VII), and perjury (Count VIII). The grand jury's indictment stemmed from an earlier investigation by a Clayton County special purpose grand jury which had been impaneled pursuant to OCGA § 15-12-100 for the purpose of investigating public corruption and various crimes allegedly committed by currently or previously elected county officials and county employees. As Lampl was neither a county official nor a county employee, he moved to dismiss all counts of the indictment, contending that he was the "target" of an unlawful investigation by

the special purpose grand jury and that he should not have been compelled to testify at the special purpose grand jury proceedings.

The perjury charge was based on a portion of Lampl's testimony to the special purpose grand jury. In its ruling on the motion to dismiss, the trial court found that the special purpose grand jury was not authorized to conduct an investigation of Lampl, who was an employee of the City of Morrow, and was not authorized to investigate Lampl's involvement with "Olde Towne Morrow," a real estate development project for the City of Morrow. The trial court further found that the special purpose grand jury was not authorized to subpoena Lampl to testify regarding matters which exceeded the scope of its investigation. Accordingly, the trial court granted Lampl's motion to dismiss with regard to the perjury count (Count VIII) of the indictment, and it also granted his motion to suppress the statements that he made to the special purpose grand jury. However, the trial court denied Lampl's motion to dismiss with regard to the remaining counts of the indictment (Counts I - VII), finding that the indictment was brought by a properly constituted grand jury which was authorized to indict Lampl for these offenses.

Both parties appeal from the trial court's ruling, and their cross-appeals are consolidated for our review. In Case No. A13A1071, the State contends that the trial

court erred in dismissing the perjury count because the special purpose grand jury did not exceed the scope of its investigation. The State argues that the investigation into the Olde Towne Morrow project, as well as the questioning of Lampl, potentially involved corruption at the county level. The State further contends that the trial court erred in suppressing Lampl's statements because (1) the special purpose grand jury had the authority to subpoena Lampl; (2) Lampl testified voluntarily; and (3) there was no violation of Lampl's constitutional rights. In Case No. A13A1072, Lampl contends that the trial court erred in denying his plea in bar and motion to dismiss with regard to the remaining counts (Counts I - VII) of the indictment, arguing that the State had engaged in prosecutorial misconduct by, inter alia, exceeding the legal limitations of the special purpose grand jury and allowing the special purpose grand jury to subpoena and compel Lampl to testify at the grand jury proceedings even though he was the intended target of the unauthorized investigation. Lampl argues that dismissal of the indictment was warranted because the State's misconduct was so outrageous and fundamentally unfair that it shocks the universal sense of justice mandated by the due process clause. For the reasons that follow, we affirm the judgments.

1. The State contends that the trial court erred in dismissing the perjury count (Count VIII) of the indictment. Essentially, the State argues that the special purpose grand jury was authorized to investigate the Olde Towne Morrow project because it potentially involved corruption at the county level, and that the special purpose grand jury did not exceed the scope of its investigative authority when it subpoenaed Lampl and questioned him with regard to his involvement in the city project. We disagree.

A special purpose grand jury may be impaneled "for the purpose of investigating any alleged violation of the laws of this state or any other matter subject to investigation by grand juries as provided by law." OCGA § 15-12-100 (a). Although a special purpose grand jury is limited to investigative purposes and has no power to return an indictment,[1] the law otherwise relative to regular grand juries applies to special purpose grand juries. See OCGA § 15-12-102. With respect to regular grand juries, their duties "shall be confined to such matters and things as [they are] required to perform by the Constitution and laws or by order of . . . the superior court of the county [in which they are impaneled]." OCGA § 15-12-71 (a).

---

[1] See *Kenerly v. State*, 311 Ga. App. 190, 190-194 (1) (715 SE2d 688) (2011).

In this case, the Clayton County Superior Court entered an order impaneling the special purpose grand jury "for the purpose of investigating public corruption and various crimes allegedly committed by currently or previously elected county officials and county employees." It is undisputed that Lampl was an employee of the City of Morrow, and that he was neither a currently or previously elected county official or county employee. Furthermore, our review of the transcripts of the special purpose grand jury proceedings indicate that the investigation focused on Lampl and the contracting irregularities related to the Olde Towne Morrow project, a matter that did not involve county officials or county employees. Accordingly, we agree with the trial court that the special purpose grand jury did not have the authority to investigate Lampl or the Olde Towne Morrow project.

Likewise, we agree with the trial court that the special purpose grand jury lacked the authority to subpoena Lampl for the purpose of investigating the Olde Towne Morrow project and his involvement in the same. While a special purpose grand jury may subpoena witnesses and compel evidence, its power to do so is limited to matters which relate directly or indirectly to the authorized investigation. See OCGA § 15-12-100 (c). Here, the special purpose grand jury was not authorized to investigate Lampl or the Olde Towne Morrow project. As Lampl's perjury charge

5

arose out of his testimony during this unauthorized investigation, the trial court did not err in dismissing the perjury count. See *State v. Bartel*, 223 Ga. App. 696, 696-697 (479 SE2d 4) (1996) ("The law of Georgia does authorize a perjury prosecution against witnesses who swear falsely in testimony before local grand juries conducting civil investigations, *so long as the grand jury is lawfully conducting an investigation authorized by state law*") (emphasis supplied).

2. The State makes the additional argument that we should reverse the ruling of the trial court and remand the case to allow the State to present additional evidence regarding the authorized scope of the special purpose grand jury's investigation. It contends that trial court erroneously prevented the State from presenting evidence on this issue. Specifically, the State argues that the trial court erred by (i) failing to consider redacted portions of the superior court order impaneling the special purpose grand jury; (ii) refusing to permit the State to proffer an unredacted copy of the order; and (iii) refusing to accept testimony from the superior court judge who had been assigned to follow the progress of the special purpose grand jury. This argument is wholly without merit.

Prior to the hearing on the plea in bar and motion to dismiss, Lampl filed a motion with the trial court seeking to obtain a copy of the order impaneling the

6

special purpose grand jury. Over the State's objection, the trial court granted Lampl's motion. In its ruling, the trial court directed that redacted copies of the order be released to the parties, with the names of the specific targets of the investigation blacked out. The trial court further stated that Lampl's name was not among those listed in the order as an authorized target of the special purpose grand jury investigation.

At the hearing on Lampl's plea in bar and motion to dismiss, the State did not make a proffer or request to have an unredacted copy of the order impaneling the special purpose grand jury admitted into evidence, nor did it seek to call as a witness the judge who presided over the special purpose grand jury. Thus, the State has failed to show any error on the part of the trial court.

As the State was afforded an opportunity to present evidence at the hearing and failed to do so, we conclude that remanding the case to give the State a second opportunity to present evidence is inappropriate and unauthorized. See e.g., *Mosby v. State*, 319 Ga. App. 642, 645 (1) (738 SE2d 98) (2013).

7

3. The State further contends that the trial court erred in suppressing Lampl's statements to the special purpose grand jury.[2] In light of our holding in Division 1, we need not address this enumeration.

*Case No. A13A1072*

4. While the trial court granted Lampl's plea in bar and motion to dismiss with regard to the perjury count of the indictment (Count VIII), Lampl contends that the trial court erred in failing to dismiss the remaining counts of conspiracy in restraint of free and open competition (Count I) and false statements and writings (Counts II - VII).

In his motion and in his argument at the hearing on his motion to dismiss before the trial court, Lampl argued that the district attorney had orchestrated the unauthorized investigation of Lampl and the Olde Towne Morrow project and, thus, had engaged in prosecutorial misconduct that was so outrageous and fundamentally unfair that it violated due process of law, warranting dismissal of the indictment in toto.

---

[2] The trial court found that Lampl's statements could be used for the limited purposes of impeachment. This finding has not been raised as an enumeration of error on appeal.

8

However, "[a] plea in bar is one which goes to bar the [S]tate's action; that is to defeat it absolutely and entirely." (Citation and punctuation omitted.) *State v. Land-O-Sun Dairies, Inc.*, 204 Ga. App. 485, 486 (419 SE2d 743) (1992). A plea in bar typically involves some legal impediment which precludes the State from prosecuting its case, such as the prohibition against successive prosecutions for the same crime (double jeopardy) (*Banks v. State*, 320 Ga. App. 98 (739 SE2d 414) (2013)), the violation of a defendant's right a speedy trial (*Singleton v. State*, 317 Ga. App. 637 (732 SE2d 312) (2012)), or the expiration of the statute of limitations (*State v. Mullins*, 321 Ga. App. 671 (742 SE2d 490) (2013)). Here, Lampl is arguing that the district attorney engaged in prosecutorial misconduct during the unauthorized investigation by the special purpose grand jury, which violated his due process rights.

"Although federal and state courts possess the authority to dismiss an indictment for governmental misconduct, dismissal is an extreme sanction which should be infrequently utilized. Dismissal is only favored in the most egregious cases." (Citation and punctuation omitted.) *Robinson v. State*, 200 Ga. App. 515, 517 (1) (408 SE2d 820) (1991). This is not such a case.

The remedy for an alleged constitutional violation involving governmental misconduct should be tailored to the injury suffered from the violation. (Citations

9

omitted.) *Wilcox v. State*, 250 Ga. 745, 755 (4) (301 SE2d 251) (1983). Furthermore, the dismissal of an indictment is not the appropriate remedy when the case may proceed with full recognition of the defendant's right to a fair trial. (Citations omitted.) Id. at 756 (4). Assuming that the unauthorized investigation of Lampl and his involvement in the Olde Towne Morrow Project involved prosecutorial misconduct which violated Lampl's due process rights, the dismissal of the indictment is not appropriate because Lampl was afforded an adequate remedy, i.e. the suppression of his statements. See, e.g, *McGarvey v. State*, 186 Ga. App. 562, 563 (2) (368 SE2d 127) (1988) (defendant was not entitled to have indictment dismissed for prosecutorial misconduct based on the district attorney's refusal to provide the defense with one of defendant's statements, because exclusion of the statement was an available remedy).

Since the trial court granted Lampl's motion to suppress the statements he made to the special purpose grand jury, there has been no actual prejudice to Lampl which would affect his ability to receive a fair trial. Under these circumstances, the remedy of dismissing the indictment is not warranted.

*Judgments affirmed. Barnes, P. J., and Miller, J., concur.*